

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

**KELLEY FOODS OF ALABAMA, INC.**                               **PLAINTIFF**

**VERSUS**                                         CIVIL CAUSE NO. 04CV1246

**MYERS NISSI & CO., INC., a corporation,**
**d/b/a VERTICALSOFT**                                          **DEFENDANT**

### NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes MYERS NISSI & CO. INC, who pursuant to 28 U.S.C. 1441 seeks removal of this matter and respectfully represents as follows:

1.

Plaintiff, Kelley Foods of Alabama, Inc, commenced the instant action on November 29, 2004 in the Circuit Court of Coffee County, State of Alabama and served this defendant through its agent for service on or about December 6, 2004 with a copy of the Complaint for Damages in Civil Action No. cv2004-137.[1]

---

[1]   See Exhibit "A".

**2.**

Plaintiffs seek compensatory damages in the amount of $195,568.33 for damages allegedly sustained as a result of a breach of contract between Plaintiff and Defendant.

**3.**

Plaintiff is an Alabama corporation with its principal place of business in Elba, Alabama.

**4.**

Defendant, Myers Nissi & Company, Inc., is a Massachusetts corporation with its principal place of business in Hingham, Massachusetts.

**5.**

The matter in dispute states a claim for which this Court has original jurisdiction under 28 U.S.C. § 1332 and which defendant may remove to this Court under 28 U.S.C. § 1441.

**6.**

Pursuant to 28 U.S.C. 1446(a), attached are true and correct copies of all process, pleadings and orders served upon this defendant in the underlying state action.[2]

**7.**

Less than thirty (30) days have elapsed since defendant first received notice of the suit.

---

[2] See Exhibit "A".

| State of Alabama Unified Judicial System | SUMMONS -CIVIL- COPY | Case Number |
|---|---|---|
| Form C-34. Rev 6/88 | | CV 2004 - 137 |

IN THE _____ CIRCUIT _____ COURT OF _____ COFFEE _____ COUNTY

**Plaintiff** Kelley Foods of Alabama, Inc. _____ v. **Defendant** Myers Nissi & Company, Inc.

**NOTICE TO** Myers Nissi & Company, Inc. d/b/a VerticalSoft 5 Pond Park Road, Suite 2, Hingham, MA 02043

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY Mark Vaughan, Cannon & Vaughan Attorneys _____ WHOSE **ADDRESS IS** P. O. Box 647, Elba, AL 36323

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___30___ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☒ Service by certified mail of this summons is initiated upon the written request of the Plaintiff _____ pursuant to the Alabama Rules of Civil Procedure.

Date 11-29-04 _____ /s/ James M. Counts _____ By: /s/

(Clerk/Register)

☐ Certified Mail is hereby requested.

_____ Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____ (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____ (Date)

Date _____   Server's Signature _____

Address of Server _____   Type of Process Server _____

EXHIBIT A

12/10/04  FRI 10:37  [TX/

FROM : KRAMER ET AL             PHONE NO. : 781 837 5117             Dec. 10 2004 11:37AM P3

IN THE CIRCUIT COURT OF COFFEE COUNTY
ELBA DIVISION

| | |
|---|---|
| KELLEY FOODS OF ALABAMA, INC., PLAINTIFF, | ) ) ) |
| VS. | ) ) CASE NO. CV 2004-_____ |
| MYERS NISSI & COMPANY, INC., a corporation d/b/a VERTICALSOFT, DEFENDANT | ) ) ) ) |

## COMPLAINT
### COUNT I

1. PLAINTIFF is Kelley Foods of Alabama, Inc., an Alabama corporation located at 1697 Lower Curtis Road, Elba, Alabama.

2. The DEFENDANT is Myers Nissi & Company, Inc., a foreign corporation doing business as VERTICALSOFT. The DEFENDANT corporation is believed to be organized under the laws of the State of Massachusetts doing business at 5 Pond Park Road, Suite 2, Hingham, Massachusetts, and also doing business through interstate commerce in the State of Alabama.

3. On or about June 28, 2002 the Plaintiff and the Defendant entered unto a contract for the development of computer software to be installed and utilized in the Plaintiff's manufacturing, inventory, and financial operations. The Defendant also contracted to provide training and technical assistance for the use and implementation of computer software in Kelley Foods' computer system.

4. As a material consideration for the awarding of this contract to Myers Nissi & Company, Myers Nissi gave a written warranty to Kelley Foods of Alabama specifically providing, *inter alia*, that its software would perform substantially in accordance with a written *Action Plan* for a period of 360 days; and that its software would be free from defects in materials and workmanship under normal use and service for a period of 360 days.

5. Kelley Foods avers that the software and computer programming provided by the Defendant failed to perform as represented, and Myers Nissi & Company has failed to remedy the operational defects in its software, and failed to provide adequate training and support for the implementation and use of its software during the warranty period.

6. By express written agreement of the parties Myers Nissi & Company, Inc. warranted and guaranteed the condition of its VerticalSoft PROCESS 800 Software for a period of one year. By further written extensions of the warranty Myers Nissi & Company has extended its written warranty most recently on September 21, 2004, through and including January 15, 2005. The Plaintiff avers that the written warranty is still in effect at the time of filing this Complaint.

7. In addition, Myers Nissi & Company, Inc. is obligated and held responsible for its

marketing and sale of the defective software under the implied warranty provisions of Title 7-2-314, <u>Code of Alabama</u>.

8. The Plaintiff has fully complied with its obligations under the contract, and has paid $156,277.15 to Myers Nissi & Company, Inc. the full purchase price for its software. In addition, Kelley Foods of Alabama has expended $39,291.18 in capital outlay for its computer system at the special instance and request of Myers Nissi & Company in an attempt to accommodate and use the specialized software developed and marketed by VERTICALSOFT.

9. Myers Nissi has breached the agreement to provide useful software adequate for the operation of the Plaintiff's business, and has failed after numerous notices and requests for assistance to repair, replace or remedy its computer software as required by its written warranty.

10. As a direct and proximate consequence of the Defendant's failure to perform under its contract as aforesaid, Kelley Foods of Alabama has incurred substantial expense in seeking a replacement or substitute solution to its operational needs.

WHEREFORE, Plaintiff demands judgment against the Defendant, Myers Nissi & Company, Inc., for the sum of $195,568.33, interest and costs of court.

## COUNT II
## COMPLAINT ON A WRITTEN WARRANTY

11. The Plaintiff adopts and realleges all of the allegations of Paragraphs 1-10, *infra*, as though fully restated herein.

12. By express written agreement of the parties Myers Nissi & Company, Inc. warranted and guaranteed the condition of its VERTICALSOFT PROCESS 800 Software for a period of one year. By further written extensions of this warranty Myers Nissi & Company extended its warranty most recently on September 24, 2004, for an extended warranty period through and including January 15, 2005.

13. Myers Nissi & Company's written warranty expressly entitles Kelley Foods of Alabama to recover its full purchase price, plus capital outlay required by Kelley Foods for modification of its existing computer system to accommodate Myers Nissi & Company's PROCESS 800 Software.

14. The written warranty is in full force and effect at the time of filing this complaint, and Kelley Foods of Alabama has promptly notified the Defendant on numerous occasions of its operational defects in its PROCESS 800 Software.

15. Myers Nissi & Company, Inc. has breached its written warranty applicable to its PROCESS 800 Software due to defects in design and workmanship. Myers Nissi has further breached its written warranty by failure to cure, correct or replace its PROCESS 800 Software to perform as represented at the time of sale.

WHEREFORE, Plaintiff demands judgment against the Defendant, Myers Nissi & Company, Inc., for the refund of its purchase price in the amount of $156,277.15, plus actual costs of capital outlay in the amount of $39,291.18 for a total demand for compensatory damages in the amount of $195,568.33, plus interest and costs of court.

CANNON & VAUGHAN  
Attorneys for the Plaintiff

by: *Mark Vaughan*  
P. O. Box 647  
Elba, AL 36323  
(334) 897-3413

