RECEIVED

2005 JAN -6  P 3: 50

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

KELLEY FOODS OF ALABAMA, INC.                    PLAINTIFF

VERSUS                                           CIVIL CAUSE NO. 1:04cv 1246-B

MYERS NISSI & CO., INC., a corporation,
d/b/a VERTICALSOFT                               DEFENDANT

## ANSWER

### Jury Trial Demanded

**NOW INTO COURT**, through undersigned counsel, comes MYERS NISSI & CO. INC, and answers Plaintiff's complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

The applicable period of limitations and/or the applicable statute of repose expired prior to the filing of Plaintiff's Complaint.

### THIRD DEFENSE

Defendant specifically pleads the provisions of the contract at issue and all applicable defenses available to it under said contract including, but not limited to, choice

of law and/or choice of forum provisions, as well as limitations of liability and/or limitations of warranty.

## FOURTH DEFENSE

Plaintiff's Complaint seeks damages which are not available under the contract at issue.

## FIFTH DEFENSE

Defendant fully complied with its duties and responsibilities under the contract at issue.

## SIXTH DEFENSE

Any damages sustained by Plaintiff, which are denied, were solely the result of Plaintiff's own negligence, for which Defendant is not responsible. Alternatively, Plaintiff's own negligence caused or contributed to any damages sustained by Plaintiff, which damages are denied.

## SEVENTH DEFENSE

Defendant answers the separately numbered paragraphs of the Complaint as follows:

**1.**

The allegations of paragraph 1 of the Complaint are admitted on information and belief.

**2.**

The allegations of paragraph 2 of the Complaint regarding Defendant's corporate status and domicile are admitted. All other allegations which are, or may be deemed to be,

contained in paragraph 2 of the Complaint are denied.

3.

Defendant admits that it entered into certain written agreements with Plaintiff on or about June 28, 2002. The remaining allegations of paragraph 3 of the Complaint are denied as stated. Defendant affirmatively states that the documents at issue herein are the best evidence of the agreement between the parties.

4.

The allegations of paragraph 4 of the Complaint are denied as stated. Defendant affirmatively states that the documents at issue herein are the best evidence of the agreement between the parties.

5.

The allegations of paragraph 5 of the Complaint are denied.

6.

The allegations of paragraph 6 of the Complaint are denied as stated. Defendant affirmatively states that the documents at issue herein are the best evidence of the agreement between the parties.

7.

The allegations of paragraph 7 of the Complaint are denied. Defendant further denies that Alabama statutes, including but not limited to A.R.S. § 7-2-314, are applicable to the claims raised by Plaintiff under the contract at issue herein.

8.

The allegations of paragraph 8 of the Complaint are denied for lack of sufficient information upon which to form a belief as to the truth of said allegations.

**9.**

The allegations of paragraph 9 of the Complaint are denied.

**10.**

The allegations of paragraph 10 of the Complaint are denied.

Defendant denies the allegations of the unnumbered paragraph beginning "Wherefore" which immediately follow paragraph 10 of the Complaint.

**11.**

Defendant denies any and all allegations which are, or may be deemed to be, contained in paragraph 11 of the Complaint.

**12.**

The allegations of paragraph 12 of the Complaint are denied as stated. Defendant affirmatively states that the documents at issue herein are the best evidence of the agreement between the parties.

**13.**

The allegations of paragraph 13 of the Complaint are denied as stated. Defendant affirmatively states that the documents at issue herein are the best evidence of the agreement between the parties.

**14.**

The allegations of paragraph 14 of the Complaint are denied as stated. Defendant

affirmatively states that the documents at issue herein are the best evidence of the agreement between the parties.

**15.**

The allegations of paragraph 15 of the Complaint are denied.

Defendant denies the allegations of the unnumbered paragraph beginning "Wherefore" which immediately follow paragraph 15 of the Complaint. Defendant further denies any allegations contained in Plaintiff's Complaint which are not specifically admitted herein. Plaintiff is entitled to no relief from this Defendant, and this action should be dismissed at Plaintiff's cost.

**WHEREFORE**, Defendant, Myers Nissi & Company, Inc., prays that its Answer be accepted and filed, and that after due proceedings are had, there be judgment in favor of Myers Nissi & Company, Inc., and the Complaint be dismissed at Plaintiff's cost. Myers Nissi & Company, Inc. is entitled to, and prays for, trial by jury on all issues. Myers Nissi & Company, Inc. further prays for such other general or special relief to which it may be entitled in law or equity.

Respectfully submitted,

SPYRIDON, KOCH, PALERMO & DORNAN LLC

_____
GREGG L. SPYRIDON (Ala. Bar. No. 6746-P77G)
JOHN M. HERKE (Ala. Bar No. HER045)
PAUL D. PALERMO (La. Bar No. 19725)
3838 North Causeway Boulevard
Suite 3010, Lakeway Three Center
Metairie, Louisiana 70002
Telephone: 504-830-7800
**Attorneys for Defendant**

5

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 5th day of January, 2005 served a copy of the foregoing Answer to Plaintiff's Complaint on the following known counsel of record to this proceeding by mailing the same by United States mail, properly addressed and postage pre-paid:

Mr. Mark Vaughan
Cannon & Vaughan
Post Office Box 647 Elba, AL 36323
Attorney for Kelley Foods of Alabama, Inc.

_____

H:\M0704001\Pleadings\Federal Court\Answer.wpd