UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

KELLEY FOODS OF ALABAMA, INC.     *
  PLAINTIFF

                                                          *

VERSUS                                            CIVIL CAUSE NO. 1:04cv 1246-B
                                                          *

MYERS NISSI & CO., INC., a corporation,
d/b/a VERTICALSOFT                     *

                                                                         DEFENDANT*

\*    \*    \*    \*    \*    \*    \*    \*

### MYERS NISSI & CO., INC.'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, MOTION FOR INVOLUNTARY DISMISSAL OR, ALTERNATIVELY, MOTION TO EXCLUDE TESTIMONY AND EVIDENCE

**NOW INTO COURT**, through undersigned counsel, comes defendant, Myers Nissi & Co., Inc., who respectfully moves this Honorable Court for an Order dismissing plaintiff's claim for failure to comply with this Court's Scheduling Order and the Attorney Conference Report of the Parties, Pursuant to Rule 26(f), with Incorporated Discovery Plan all for the reasons more fully set forth in the Memorandum in Support submitted contemporaneously herewith.

Alternatively, Myers Nissi & Co. moves for an order precluding plaintiff from attempting to introduce at trial any witnesses not disclosed in accordance with this Court's Scheduling Order and the Attorney Conference Report of the Parties and excluding any documentary evidence not provided in accordance with this Court's Scheduling Order and the Attorney Conference Report of the Parties all for those reasons more fully set forth in the Memorandum in Support submitted contemporaneously herewith.

**WHEREFORE,** defendant, Myers Nissi & Co., Inc., prays that this motion for summary judgment or, alternatively, motion for involuntary dismissal, be granted and plaintiff's claim be dismissed, with prejudice, each party to bear its own costs or alternatively, that the Court enter an order excluding the testimony of any witnesses proposed by plaintiff and the introduction of any of plaintiff's proposed documentary evidence at trial.

Respectfully submitted:

*/s/ John M. Herke*
JOHN M. HERKE (Ala. Bar No. HER045)
Edward B. McDonough, Jr. P.C.
1800 AmSouth Bank Building
Mobile, AL 36602
Telephone: 251-432-3396
**Counsel for Myers Nissi & Co., Inc.**

And

GREGG L. SPYRIDON (Ala. Bar. No. 6746-P77G)
PAUL D. PALERMO (La. Bar No. 19725)
Spyridon, Koch, Palermo & Dornan, L.L.C.
Three Lakeway Center, Suite 3010
3838 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone: 504-830-7800
Facsimile: 504-830-7810
**Counsel for Myers Nissi & Co., Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have on this 20th day of March, 2006 served a copy of the foregoing pleading on the following:

| | |
|---|---|
| Mark Vaughan | Howard P. Walthall, Jr. |
| Cannon, Vaughn & Malloy | Burr & Forman, LLP |
| Post Office Box 647 | 3100 Wachovia Tower |
| Elba, AL 36323 | 420 North 20th Street |
| Telephone: (334) 897-3413 | Birmingham, AL 35203 |
| Facsimile: (334) 897-3415 | Telephone: (205) 251-3000 |
| mvaughan@cannon- | Facsimile: (205) 458-5100 |

by facsimile and/or by mailing same via United States Mail, properly addressed and postage pre-paid and/or email.

_____

UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | | |
|---|---|---|
| KELLEY FOODS OF ALABAMA, INC.<br>  PLAINTIFF | * | |
| | * | |
| VERSUS | | CIVIL CAUSE NO. 1:04cv 1246-B |
| | * | |
| MYERS NISSI & CO., INC., a corporation,<br>d/b/a VERTICALSOFT | * | |
| | | |
| DEFENDANT | * | |

\* \* \* \* \* \* \* \* \*

**MYERS NISSI & CO., INC.'S MEMORANDUM**
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR,
ALTERNATIVELY, MOTION FOR INVOLUNTARY DISMISSAL OR,
**ALTERNATIVELY, MOTION TO EXCLUDE TESTIMONY AND EVIDENCE**

**MAY IT PLEASE THE COURT:**

This memorandum is submitted by defendant, Myers Nissi & Co, Inc., in support of its Motion for Summary Judgment or alternatively, Motion for Involuntary Dismissal or, alternatively, to Motion to Exclude Testimony and Evidence.

**I. UNDISPUTED MATERIAL FACTS THAT FORM THE BASIS OF THIS MOTION**

The undisputed material facts in this particular case are established by the **record:**

1. Plaintiff, Kelley Foods of Alabama, Inc, commenced the instant action in the Circuit Court of Coffee County, State of Alabama (Docket No. 1).

2. Plaintiffs seek compensatory damages in the amount of $195,568.33 for damages allegedly sustained as a result of a breach of contract and breach of written warranty between plaintiff and defendant (Docket No. 1).

3. Defendant timely removed the suit to this district court (Docket No. 1).

4.  Defendant then filed an answer to the complaint (Docket No. 2).

5.  Defendant also filed its Corporate Disclosure Statement (Docket No. 7) in compliance with the Federal Rules of Civil Procedure and Local Rules.

6.  Pursuant to Fed. R. Civ. P. 26(f), a telephonic meeting was held on February 11, 2005 and Report filed on February 25, 2005, (Docket No. 8), wherein the parties agreed to the following:

    a.  **Pre-discovery disclosures**. The parties will exchange by February 25, 2005 the information required by Fed. R. Civ. P. 26(a)(1) (Docket No. 8 pg. 1, paragraph 2).

    b.  Reports from retained experts under Rule 26(a)(2) due: from plaintiff(s) by September 23, 2005 and from defendant(s) by October 21, 2005 (Docket No. 8 pg. 3, paragraph 3).

    c.  Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from plaintiff(s) by December 1, 2005 and from defendant(s) by January 2, 2006 (Docket No. 8 pg. 3, paragraph 4).

7.  On March 4, 2005, this Honorable Court entered a Scheduling Order (Docket No. 9) wherein it ordered:

    a.  The parties to disclose to each other the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the F.R.E., and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the F.R.C.P. from the plaintiff- on or before September 23, 2005 and from the defendant - on or before October 21, 2005 (Docket No.

          9, pg. 3 Section 8).

    b.    Unless this Order be modified by subsequent Order of the Court, the provisions hereinabove set out are <u>binding on the parties</u> (Docket No. 9, pg. 6 Section 16).

8. Initial disclosures were due on February 25, 2006. Defendant timely provided plaintiff with Defendant's Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a) (Exhibit A). However, plaintiff did not provide its disclosure until two (2) months after the deadline on April 26, 2005 (Exhibit B) and subsequent to a request from the defendant. (Exhibit C).

9. In compliance with the court's order, defendant timely filed Defendant's Witness List on October 21, 2005.

10. Plaintiff has failed to provide defendant with a list of witnesses and exhibits under Rule 26(a)(3) by September 23, 2005 pursuant to Federal Rule of Civil Procedure 26(a) and in disregard of the Uniform Scheduling Order (Docket No. 8 pg. 3, paragraph 4).

11. Likewise, plaintiff has failed to provide defendant with any reports from retained experts which were due by September 23, 2005 pursuant to Federal Rule of Civil Procedure 26(a)(2) and in disregard of the Uniform Scheduling Order (Docket No. 8 pg. 3, paragraph 3).

12. Plaintiff has never filed a motion or application with this Court seeking relief from the deadlines.

13. Plaintiff cannot demonstrate any cause, much less good cause, for its noncompliance with the deadlines.

14.  On February 22, 2006, the Scheduling Order was modified by the Court resetting the pretrial and trial. Only deadlines expressly tied to those two dates were adjusted accordingly and all other deadlines were specifically unchanged (Docket No. 12).

## II. LEGAL ARGUMENTS AND AUTHORITIES

This case concerns an alleged breach of contract and warranty. On or about June 28, 2002, plaintiff and defendant allegedly entered into a contract for the development of computer software to use in plaintiff's business. The relationship between the parties deteriorated over time and this lawsuit ensued. Trial was originally set for July 17, 2006 and deadlines were put in place accordingly. Now, trial has been re-set for September 11, 2006; yet, plaintiff has still failed to adhere to either this Court's orders or the parties' agreement to produce information allowing defendant to adequately prepare for trial. As a result of plaintiff's noncompliance, defendant moves to dismiss plaintiff's suit with prejudice at its cost.

Federal Rule of Civil Procedure 16(b) authorizes district courts to control and expedite the discovery process through a scheduling order. It has been the long-standing and consistent practice of this Court to enter deadlines for disclosure of witnesses after obtaining proposals from counsel for the parties, and to then enforce those deadlines. *White v. Volvo Trucks of North America, Inc.* 211 F.R.D. 668, 669 (M.D. Ala.,2002). The original deadline for disclosure of the identity of expert witnesses and the furnishing of reports was set on the date requested by counsel, including counsel for the plaintiff. Plaintiff's counsel has shown no reason that the deadline could not have been met with the exercise of due diligence and cannot argue that the defendant has not been prejudiced.

Defendant would, in fact, be prejudiced because the allowance of such late disclosure would substantially interfere with trial preparation.

In the event, plaintiff attempts to submit lay testimony, evidence or expert witness, then the submission of such evidence would, in effect, render such deadlines set in Rule 16 Scheduling Orders meaningless. Thus, the integrity of scheduling orders in all cases before the Court, and not just in this case, is implicated. The importance of observing deadlines contained in scheduling orders is recognized in Rule 16(b), where it is provided that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge ...."

The Advisory Committee notes to Rule 16 point out that "[t]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."  This comment was approved by the Eleventh Circuit Court of Appeals in the case of *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir.1998), where in the analogous context of considering an untimely motion to amend the complaint within the time set in the scheduling order, the court, in affirming the enforcement of scheduling order deadlines, said: "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.' Fed.R.Civ.P. 16(b)(6); *Payne v. Ryder Sys., Inc.*, 173 F.R.D. 537, 540 (M.D.Fla.1997) (holding the Eleventh Circuit has consistently held that absent a showing of good cause, "motions filed after a deadline imposed by a court should be denied as untimely").  See also *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992) ("If [a] party was not diligent, the [good cause] inquiry should end.").  A district

-5-

court's decision to enforce its pre-trial order will not be disturbed on appeal absent an abuse of discretion. *Santiago v. Lykes Bros. Steamship Co.*, 986 F.2d 423, 427 (11th Cir.1993).

Rule 16(f) specifically authorizes the Court to sanction a party for failing to comply with its scheduling order. Courts generally may act *sua sponte* in imposing sanctions under the rules. Fed.Rules Civ. Proc. 11, 16(f), 26(g), 30(g), 37, 56(g), 28 U.S.C.A. *Chambers v. NASCO, Inc.* 501 U.S. 32, 111 S.Ct. 2123 (U.S. 1991). Outright dismissal of a lawsuit, which has been upheld, is a severe sanction, yet is within the court's discretion. *Chambers*, 501 U.S. at 45; 111 S.Ct. at 2133 (U.S. 1991)(citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764; 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980). The district court may dismiss plaintiff's case as a grant of summary judgment under Fed.R.Civ.P. 16(f), 37(b), and 41(b) for a party's failure to appear at a pretrial conference, obey discovery orders, or prosecute an action. *Templet v. HydroChem Inc.* 367 F.3d 473, 481 (C.A.5 (La.),2004). Accordingly, it is clear that this Court has the authority to grant the relief requested herein. Moreover, plaintiff cannot show that it was diligent in its prosecution of the case or that good cause exists for obtaining relief from the deadlines imposed. Defendant has consistently complied with said deadlines, and has even prompted the plaintiff to comply, but without success. (Exhibit C) Therefore, Myers Nissi & Company submits that the relief requested herein is appropriate and should be granted.

## III. CONCLUSION

There is absolutely no justification for the noncompliance of plaintiff with this Court's orders and deadlines. Accordingly, defendant, Myers Nissi & Co, Inc., respectfully urges the Court to enforce its Order, and dismiss plaintiff's claim for failure to comply with this Court's Scheduling Order and the Attorney Conference Report of the Parties, Pursuant to Rule 26(f), with Incorporated Discovery Plan. Alternatively, Myers Nissi & Co. moves the Court to exclude the testimony of the plaintiff's witnesses and the introduction of the plaintiff's documentary evidence at trial.

Respectfully submitted:

_____
JOHN M. HERKE (Ala. Bar No. HER045)
Edward B. McDonough, Jr. P.C.
1800 AmSouth Bank Building
Mobile, AL 36602
Telephone: 251-432-3396
**Counsel for Myers Nissi & Co., Inc.**

And

GREGG L. SPYRIDON (Ala. Bar. No. 6746-P77G)
PAUL D. PALERMO (La. Bar No. 19725)
Spyridon, Koch, Palermo & Dornan, L.L.C.
Three Lakeway Center, Suite 3010
3838 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone: 504-830-7800
Facsimile: 504-830-7810
**Counsel for Myers Nissi & Co., Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have on this 20th day of March, 2006 served a copy of the foregoing pleading on the following:

Mark Vaughan
Cannon, Vaughn & Malloy
Post Office Box 647
Elba, AL 36323
Telephone: (334) 897-3413
Facsimile: (334) 897-3415
mvaughan@cannon-

Howard P. Walthall, Jr.
Burr & Forman, LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

by facsimile and/or by mailing same via United States Mail, properly addressed and postage pre-paid and/or email.

_____

H:\M0704001\Pleadings\Federal Court\MSJ failure to comply sched order.2.wpd

-8-

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

KELLEY FOODS OF ALABAMA, INC.                              PLAINTIFF

VERSUS                           CIVIL CAUSE NO. 1:04cv 1246-B

MYERS NISSI & CO., INC., a corporation,
d/b/a VERTICALSOFT                                          DEFENDANT

### DEFENDANT'S INITIAL DISCLOSURES

**NOW INTO COURT,** through undersigned counsel, comes defendant, Myers Nissi & Co., Inc., and pursuant to Federal Rule of Civil Procedure 26(a), provides the following initial disclosures, and avers as follows:

I. **Rule 26(a)(1)(A)**
   **List of Persons Likely to Have Discoverable Information Relevant to Disputed Facts:**

   1. Richard Nissi
      Myers Nissi & Co., Inc.
      5 Pond Park Road, Suite 2
      Hingham, MA 02189

   2. Don Tyler
      Myers Nissi & Co., Inc.
      5 Pond Park Road, Suite 2
      Hingham, MA 02189

   3. Jim Stoltz
      Myers Nissi & Co., Inc.
      5 Pond Park Road, Suite 2
      Hingham, MA 02189

   4. Jack Reynolds
      Myers Nissi & Co., Inc.
      5 Pond Park Road, Suite 2
      Hingham, MA 02189



EXHIBIT A

      5.      Edwin Kelley
            Kelley Foods of Alabama, Inc.
            Coffee County Road #404
            Alba, AL 36323

      6.      Alex Mount
            Kelley Foods of Alabama, Inc.
            Coffee County Road #404
            Alba, AL 36323

      7.      Scott Kelley
            Kelley Foods of Alabama, Inc.
            Coffee County Road #404
            Alba, AL 36323

II.    **Rule 26(a)(1)(B)**
      **Documents, Data Compilations and Tangible Things Relevant to Disputed Facts in Defendant's Possession:**

      1.      Letters and emails between Myers Nissi and Kelley Foods.

      2.      Myers Nissi Operation Manual.

      3.      Addendum to IPLA

      4.      Escrow Agreement

      5.      Limited Warranty Agreement

      6.      Annual Upgrade and Support Plan

      7.      Upgrade Agreement for Navision Products

      8.      International Program License Agreement

III.   **Rule 26(a)(1)(C)**
      **Computation of Damages Claimed by Plaintiff:**

Defendant denies that plaintiff is entitled to an award for damages.

IV.  **Rule 26(a)(1)(D)
Insurance Agreements:**

None.

Respectfully submitted,

By _____
JOHN M. HERKE (#HER045)
PAUL D. PALERMO T.A. (#19725)
SPYRIDON, KOCH, PALERMO & DORNAN
3838 N. Causeway Blvd.
Three Lakeway Center, Suite 3010
Metairie, Louisiana 70002
Telephone: (504) 830-7800
Facsimile:  (504) 830-7810
**Counsel for Myers Nissi & Co., Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been provided by facsimile on the 25th day of February, and by mailing a copy of same to by First Class United States mail, properly addressed and postage prepaid on this 7th day of March, 2005 to

Mr. Mark Vaughan
Cannon, Vaughan & Malloy
Post Office Box 647
Elba, AL 36323

_____

H:\M0704001\Pleadings\Federal Court\Initial Disclosures.wpd

3

VS.                                              )        CASE NO. 1:04cv 1246-B
                                                 )
MYERS, NISSI & COMPANY, INC.,                    )
a corporation d/b/a VERTICALSOFT,                )
            DEFENDANT                            )

### PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)

COMES NOW Kelley Foods of Alabama, Inc., and pursuant to Rule 26(a), Federal Rules of Civil Procedure, provides the following initial disclosures:

1. PLAINTIFF'S WITNESS LIST:

   Mr. Edwin B. Kelley, President
   Kelley Foods of Alabama, Inc.
   P.O. Box 708
   Elba, AL 36323
   (334) 897-5761

   Mr. Charles Scott Kelley, Assistant Vice President of Manufacturing
   and Project Manager
   Kelley Foods of Alabama, Inc.
   P.O. Box 708
   Elba, AL 36323
   (334) 897-5761

   Mr. Alex D. Mount, Controller
   Kelley Foods of Alabama, Inc.
   P.O. Box 708
   Elba, AL 36323
   (334) 897-5761

   Mr. Gerald D. Cross, Manager of Information Systems
   Kelley Foods of Alabama, Inc.
   P.O. Box 708
   Elba, AL 36323
   (334) 897-5761

   Mr. Kenneth O. Hattaway, Production Manager
   Kelley Foods of Alabama, Inc.
   P.O. Box 708
   Elba, AL 36323
   (334) 897-5761

EXHIBIT B

Mr. Dwight W. Kelley, Vice President of Manufacturing
Kelley Foods of Alabama, Inc.
P.O. Box 708
Elba, AL 36323
(334) 897-5761

2. LIST OF DOCUMENTS TO BE OFFERED AS TRIAL EXHIBITS OR CONTAINING DISCOVERABLE INFORMATION:

Letters and emails between Myers, Nissi & Company, Inc. and Kelley Foods of Alabama, Inc.

Myers, Nissi & Company, Inc. Operation Manual

Warranty Agreement by Myers, Nissi & Company, Inc.

Program License Agreement

VERTICALSOFT Operational Software designed by Myers, Nissi & Company, Inc.

3. COMPUTATION OF DAMAGES:

Invoices, cancelled checks and testimony supportive of $156,277.15 paid to Myers, Nissi & Company, Inc.

Invoices, receipts, cancelled checks and testimony supportive of $39,291.18 in capital outlay by Kelley Foods of Alabama, Inc.

4. INSURANCE AGREEMENTS/CONTRACTS WHICH MAY IDEMNIFY OR REIMBURSE LOSSES BY KELLEY FOODS OF ALABAMA, INC.:

None

CANNON, VAUGHAN & MALOY, P.C.
Attorneys for Kelley Foods of Alabama, Inc.

by: *Mark Vaughan*
P. O. Box 647
Elba, AL 36323
(334) 897-3413

CERTIFICATE OF SERVICE

_____
Mark Vaughan
OF COUNSEL

# SPYRIDON, KOCH, PALERMO & DORNAN
### LLC | ATTORNEYS AT LAW



NEW ORLEANS

February 25, 2005

**VIA FACSIMILE 334-897-3415**
**AND U.S. MAIL**

Mr. Mark Vaughan, Esq.
Cannon & Vaughan
415 West Davis Street
Elba, Alabama 36323

    RE:    Kelley Foods of Alabama, Inc. Vs. Myers Nissi & Co., Inc.,
            a corporation, d/b/a Verticalsoft
            Civil Cause No.: 1:04cv 1246-B
            Our File No.: M0704-1

Dear Mr. Vaughan:

    Attached are our Initial Disclosures pursuant to Rule 26(a). The hard copy, with the referenced documents, will follow by regular mail. On another note, if your clients would like to try to resolve this matter before we begin incurring substantial deposition costs, please confer with them and provide us with a settlement figure that we can discuss with our clients. Thank you, and we look forward to receiving your Initial Disclosures.

    With best regards, we remain

                                    Sincerely yours,

                                    JOHN M. HERKE
                                    PAUL D. PALERMO

JHM:nbm
Enclosure
H:\M0704001\Correspondence\Vaughan ltr 2-21-05.wpd



EXHIBIT C

NEW ORLEANS OFFICE
Three Lakeway Center, Suite 3010
3838 North Causeway Boulevard
Metairie, Louisiana 70002
phone 504 830 7800 fax 504 830 7810

web www.skpd.com

BILOXI OFFICE
771 Water Street
P.O. Box 154
Biloxi, Mississippi 39533
phone 228 374 2013 fax 228 374 3019