IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| KELLEY FOODS OF ALABAMA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:04 - cv-01246- |
| | ) MHT-DRB |
| MYERS NISSI & COMPANY, INC.; a corporation d/b/a VERTICALSOFT, | ) |
| | ) |
| Defendant. | ) |

### Kelley Foods' Opposition to Myers Nissi's Motion for Summary Judgment, Involuntary Dismissal Or, Alternatively, Motion to Exclude Testimony and Evidence

**COMES NOW** plaintiff Kelley Foods of Alabama, Inc. ("Kelley Foods") and files this Opposition to defendant Myers Nissi & Co., Inc.'s ("Defendant" or "Myers Nissi") Motion for Summary Judgment, Involuntary Dismissal or, Alternatively, Motion to Exclude Testimony and Evidence (the "Motion"). In support thereof, Kelley Foods states as follows:

### Introduction

Kelley Foods asks this court to deny Myers Nissi's motion. Kelley Foods has fully complied with the Court's modified scheduling order, and has tried throughout the course of this case to cooperate and communicate with the Defendant. Moreover, even if counsel for Kelley Foods had somehow misunderstood the Court's intentions and failed to file a witness list at the proper time, which seems to be the primary thrust of Defendant's motion, this would not warrant any sanction, much less the drastic sanctions Defendant seeks, as absolutely no prejudice can be shown by Defendant. Kelley Foods provided Defendant with information regarding its anticipated witnesses months before the discovery cut-off in this case. Defendant made no effort to depose these witnesses, or to take any other discovery in this case. Counsel for the Defendant made no effort to resolve its alleged discovery problems with Kelley Foods prior to filing this

motion, and in fact failed to respond to repeated attempts by the undersigned to discuss and resolve any outstanding scheduling issues.

Defendant seeks what amounts to a determination of the case based on an alleged procedural technicality. Under the circumstances, Defendant's request is clearly improper and unwarranted.

## Background

This case arose when Myers Nissi breached a contract to develop and provide training and technical assistance for computer software to be installed and utilized in Kelley Foods' manufacturing, inventory, and financial operations.

This court entered a scheduling order on March 4, 2005. Docket No. 9. The Court set fixed deadlines of, *inter alia*, February 1, 2006 for discovery, September 23, 2005 for plaintiff's expert witness disclosures and October 21, 2005 for the disclosure of Defendant's expert witnesses. Deadlines for dispositive motions and the exchange of witness and exhibit lists are based off of the trial and pre-trial dates.

In February 2006, counsel for Defendant contacted Kelley Foods for permission to move jointly that the scheduling order be amended to reset the pretrial and trial dates. Counsel for defendant explained that the unfortunate events of Hurricane Katrina had disrupted their practice, and also had impeded the ability of both parties to conduct discovery.

Kelley Foods willingly consented to Myers Nissi's request, and on February 22, 2006, this court modified the scheduling order, setting trial for September 11, 2006 and pretrial for August 9, 2006. Docket No. 12. All deadlines expressly tied to the old trial and pretrial dates were expressly altered by the modified scheduling order. Id. To the understanding of Kelley Foods' counsel, this means that the dispositive motion deadline is currently May 5, 2006, and witness and exhibit lists are due on August 2, 2006.

2

The parties have exchanged initial disclosures. Kelley Foods' initial disclosure was served on April 26, 2005. A true and correct copy is attached hereto as Exhibit "A". Neither party has taken additional formal discovery in the case. Defendant has submitted a "witness list" which simply names the same witnesses listed in its initial disclosures. Defendant did not disclose any experts, and has not provided an exhibit list. It has made no attempt to take discovery with respect to the witnesses listed on Kelley Foods' initial disclosures last April.

On March 8, 2006, less than one month after Kelley Foods had consented to Defendant's request for new trial and pretrial dates, Kelley Foods contacted counsel for Myers Nissi to discuss scheduling in this case. Kelley Foods offered either to proceed forward to trial, or to move this court to jointly extend the discovery deadlines to allow an additional opportunity for formal discovery prior to trial in light of the disruption of the ordinary course of the case caused by Hurricane Katrina. This would also have allowed counsel from Burr & Forman, who had recently been retained as additional counsel for Kelley Foods, to gather the relevant files and documentation and get up to speed on the matter.

As of March 14, 2006, Kelley Foods had still not heard from Myers Nissi regarding the parties' March 8th conversation. So, on March 15, 2006, Kelley Foods, as required by the uniform scheduling order, contacted Myers Nissi prior to filing its motion to extend certain deadlines in the case. During this conversation, Paul Palermo, counsel for Myers Nissi, told Kelley Foods' counsel that he would call back after he spoke with defense co-counsel.

Mr. Palermo never returned this phone call. In fact, Kelley Foods was still waiting for Defendant to respond when Kelley Foods received notice of Defendant's Motion for Summary Judgment, Involuntary Dismissal or, Alternatively, Motion to Exclude Testimony and Evidence.

3

Kelley Foods has tried to cooperate and communicate with Defendant to resolve any and all outstanding issues, but Defendant has failed to reciprocate or respond. Nonetheless, Defendant now contends that it "has consistently complied with said deadlines, and has even prompted the plaintiff to comply, but without success." (Def.'s Motion p. 6). The purported "proof" of this "prompting" is a letter sent last February, which simply enclosed Defendant's initial disclosures and inquired about Plaintiff's disclosures.[1] Defendant's counsel cannot and do not contend that they have discussed what they now say are the fatal discovery deficiencies of Kelley Foods with its counsel, as they failed even to return phone calls.

Moreover, contrary to Myers Nissi's assertions, Kelley Foods has fully complied with the Court's orders. The modified scheduling order entered by the court on February 22, 2006, altered all deadlines expressly tied to the old trial and pretrial dates. Kelley Foods' witness and exhibit lists are not due until forty days before trial, August 2, 2006. They will be submitted on a timely basis.

Kelley Foods did not file expert reports because Kelley Foods does not expect to use the testimony of any specially retained experts to prove its claims. Instead, Kelley Foods intends to use only the witnesses listed in its initial disclosures to prove its claims. These witnesses include Gerald Cross, Kelley Foods' Manager of Information Systems, and Scott Kelley, Kelley Foods' Assistant Vice President of Manufacturing and the Project Manager for the Myers Nissi project. These gentlemen were directly involved in the factual circumstances out of which this case arose, and their testimony will be more than sufficient and competent to prove that Defendant failed to comply with its obligations. True and correct copies of declarations establishing the

---

[1] Incidentally, though the letter indicates that hard copies of the documents referenced in the initial disclosures would be forthcoming, these have in fact still not been received by counsel for Kelley Foods.

4

same are attached hereto as Exhibits "B" and "C." Although Defendant had almost a year to take discovery with respect to these witnesses and further explore their testimony, it has made no attempts to do so.

As previously offered, Kelley Foods is still prepared to allow Defendant an opportunity to depose these witnesses, if it so desires and if the Court is willing to indulge the parties in a brief extension of the discovery cut-off. Defendant would prefer, it seems, to attempt to turn the failure of both parties to conduct formal discovery into a substantive victory. That being the case, Kelley Foods is fully prepared and willing to proceed to trial on this matter according to the Court's currently established deadlines, and using the witnesses it identified almost a year ago.

## Argument

1. **Under the modified scheduling order, Kelley Foods' witness and exhibit list are due on August 2, 2006, forty days before trial.**

On February 22, 2006, this Court modified the uniform scheduling order, setting trial for September 11, 2006 and pretrial for August 9, 2006. Since all deadlines expressly tied to the old trial and pretrial dates were also expressly modified, Kelley Foods' witness and exhibit lists are due on August 2, 2006, forty days before trial. Therefore, Kelley Foods has fully complied with the modified scheduling order, and Myers Nissi's motion is baseless and should be denied.

2. **Even if Kelley Foods misunderstood the modified scheduling order, Myers Nissi has suffered no harm since Kelley Foods' witnesses were named in their initial disclosures, and Myers Nissi failed to take discovery despite having had ample opportunity to do so.**

Kelley Foods is prepared to go to trial and intends to use the same witnesses listed in its initial disclosures. Defendant has had ample opportunity (almost a year), to take discovery with respect to these witnesses and has failed to make any attempt to do so. Even if Kelley Foods somehow misunderstood the modified scheduling order's deadlines and the witness and exhibit

list deadlines have somehow passed, Myers Nissi has suffered no resulting prejudice and the Court should permit the trial to proceed without undue advantage to either party.

Ironically, under Defendant's argument, Defendant will itself be barred at trial from introducing exhibits, as it failed to serve an exhibit list by the prior deadline of September 23, 2005.

3.  **Kelley Foods will prove its claims against Myers Nissi without offering witness testimony under Federal Rule of Evidence 702, 703, or 705.**

Defendant points out, correctly, that neither party served reports from specially retained experts by the deadlines previously set by the Court. However, this was not a "violation" of the Court's Orders, as Defendant contends. Kelley Foods did not serve expert reports because it does not presently intend to offer testimony from any specially retained experts. Kelley Foods instead intends to offer evidence from its employees most familiar with Defendant's disastrous software project, including Mr. Cross and Mr. Kelley, whose declarations are attached. Their testimony will be more than sufficient to establish that Defendant failed to meet its obligations.

No reports for these witnesses were required to be served. These witnesses are fact witnesses, capable of providing factual and lay opinion testimony regarding the function (or more precisely the failure to function) of Defendant's systems. Contrary to Defendant's contentions, Kelley Foods does not believe that Rule 702 expert testimony is required in this case to establish the clear failures of Defendant's systems. In a federal proceeding, a lay witness is permitted to offer opinion on the basis of relevant historical or narrative facts that witness has perceived. Teen-Ed, Inc. v. Kimball Intern., Inc., 620 F.2d 399 (3d Cir. 1980). "Perceptions based upon industry experience is a sufficient foundation for lay opinion testimony." Buckman v. Bombardier Corp., 893 F. Supp. 547 (E.D.N.C. 1995) (Employees of manufacturer of recreational watercraft could offer opinions based on their own experiences as to operational

6

characteristics, engineering, and effects of lack of maintenance on watercraft.).[2] "A lay witness with first-hand knowledge can offer an opinion akin to expert testimony in most cases, so long as the trial judge determines that the witness possesses sufficient and relevant specialized knowledge or experience to offer the opinion." Asplundh Mfg. Div. v. Benton Harbor Eng'g, 57 F.3d 1190, 1201-02 (3d Cir. 1995).

Accordingly, while they may also be qualified to testify as experts, neither Mr. Cross nor Mr. Kelley must rely upon Rule 703 in order to testify as to the facts and circumstances under which Kelley Foods concluded that the software failed to perform as warranted. Because Cross and Kelley obtained particularized knowledge by virtue of their positions at Kelley Foods, they qualify as lay witnesses under Federal Rule 701. See Va. Elec. Power v. Sun Shipbuilding, 68 F.R.D. 397, 407 (E.D. Va. 1975) (Advisory Committee Notes imply that if the employee's "contact with the case is not in his capacity as an impartial observer, but is instead as one going about his duties as a loyal employee, then he 'should be treated as an ordinary witness.'").

Moreover, even if the Court concludes that one or more of these witnesses are qualified (as Mr. Cross at least certainly appears to be) to offer expert testimony and they do so pursuant

---

[2] The Eleventh Circuit in Tampa Bar Shipbuilding & Repair Co. v. Cedar Shipping Co., Ltd., 320 F.3d 1213, 1221-23 (11th Cir. 2003), addressed the 2000 amendment to the Rule, stating that

> [T]he Committee notes [to the 2000 Amendment to Rule 701] specifically discuss testimony by business owners or officers and explain that most courts have permitted [owner and officers] to testify . . . without the necessity of qualifying the witness as an . . . expert. Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business. The amendment does not purport to change this analysis. It would appear that opinion testimony by business owners and officers is one of the prototypical areas intended to remain undisturbed.

Id. at 1223.

to Rule 702, no report would be required pursuant to F.R.C.P. 26 (a) (2) because these are not specially retained experts. Pursuant to the Rules and the Court's Orders, Kelley Foods was obligated simply to reveal their identities, which it did in its April 26, 2005 initial disclosures. Defendant knew exactly who these individuals were and what their roles were, and had ample opportunity to depose them. Its decision not to do so is no basis for the exclusion of their testimony. See also Chapple v. State of Ala., 174 F.R.D. 698, 701 (M.D. Ala. 1997) ("The failure to make required expert witness disclosures is harmless when there is no prejudice to the party entitled to disclosure.").

Therefore, Defendant's motion is baseless and should be denied, Kelley Foods has fully complied with the discovery deadlines set by this court.

**4.    Defendant has failed to comply with the uniform scheduling order, yet asks the court to impose drastic sanctions on Kelley Foods.**

Defendant asks the court to impose drastic sanctions on Kelley Foods, which amount to a determination of the case on a procedural technicality, when Defendant has itself failed to comply with the Court's scheduling order as Defendant purports to interpret it. See KW Plastics v. U.S. Can Co., 199 F.R.D. 687 (M.D. Ala. 2000). ("Although the court has discretionary authority to exclude evidence due to discovery violations, this is a drastic step that should not be taken without significant justification."); Burney v. Rheem Mfg. Co. Inc., 196 F.R.D. 659 (M.D. Ala. 2000) ("The dismissal of a claim as a discovery sanction is justified only in extreme circumstances."); Cal Dive Intern., Inc. v. M/V Tzimin ex Stena Seahorse, 127 F.R.D. 213 (S.D. Ala. 1989) ("Outright denial of right to introduce evidence is discovery sanction which should be imposed with greatest circumspection. If application of discovery sanctions to exclude evidence is shown to be arbitrary and in violation of due process rights, judgment is void.").

Defendant failed to respond to Kelley Foods' repeated attempts at contact, made no effort to conduct formal discovery into the case, and made no effort to resolve any problem with Kelley Foods prior to filing this motion, which clearly asks for improper and unwarranted sanctions under these circumstances. Kelley Foods has tried to cooperate and communicate with Defendant throughout the course of this action.  Kelley Foods fails to see how filing baseless motions seeking substantive rulings based on discovery issues promotes a just, speedy, and inexpensive resolution to this dispute. Advisory Committee Notes on 1983 Amendment to FRCP 26 ("The spirit of the rules [of civil procedure] is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues . . . . All of this results in excessively costly and time-consuming activities.").

WHEREFORE, Kelley Foods prays that this Court will enter an order denying Defendant's motion for summary judgment, involuntary dismissal or, alternatively, motion to exclude testimony and evidence.

/s/ Howard P. Walthall Jr.
Howard P. Walthall, Jr. (WALT1113)
E-Mail: hpwaltha@burr.com

**OF COUNSEL:**

BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 7th day of April, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all properly registered parties and to the extent they are not properly registered with the Court's ECF system, they have been served by directing same to their office addresses via first-class, United States mail, postage prepaid:

John Michael Herke
Paul Darren Palermo
Spyridon Koch Palermo & Dornan
Three Lakeway Center, Suite 3010
3838 North Causeway Boluveard
Metairie, LA 70002

                          /s/ Howard P. Walthall, Jr.
                          OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

KELLEY FOODS OF ALABAMA, INC., )
      PLAINTIFF, )
       )
VS. )   CASE NO. 1:04cv 1246-B
       )
MYERS, NISSI & COMPANY, INC., )
a corporation d/b/a VERTICALSOFT, )
      DEFENDANT )

### PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)

COMES NOW Kelley Foods of Alabama, Inc., and pursuant to Rule 26(a), Federal Rules of Civil Procedure, provides the following initial disclosures:

1. PLAINTIFF'S WITNESS LIST:

    Mr. Edwin B. Kelley, President
    Kelley Foods of Alabama, Inc.
    P.O. Box 708
    Elba, AL 36323
    (334) 897-5761

    Mr. Charles Scott Kelley, Assistant Vice President of Manufacturing
    and Project Manager
    Kelley Foods of Alabama, Inc.
    P.O. Box 708
    Elba, AL 36323
    (334) 897-5761

    Mr. Alex D. Mount, Controller
    Kelley Foods of Alabama , Inc.
    P.O. Box 708
    Elba, AL 36323
    (334) 897-5761

    Mr. Gerald D. Cross, Manager of Information Systems
    Kelley Foods of Alabama, Inc.
    P.O. Box 708
    Elba, AL 36323
    (334) 897-5761

    Mr. Kenneth O. Hattaway, Production Manager
    Kelley Foods of Alabama, Inc.
    P.O. Box 708
    Elba, AL 36323
    (334) 897-5761

    Mr. Dwight W. Kelley, Vice President of Manufacturing
Kelley Foods of Alabama, Inc.
P.O. Box 708
Elba, AL 36323
(334) 897-5761

2. LIST OF DOCUMENTS TO BE OFFERED AS TRIAL EXHIBITS OR CONTAINING DISCOVERABLE INFORMATION:

    Letters and emails between Myers, Nissi & Company, Inc. and Kelley Foods of Alabama, Inc.

    Myers, Nissi & Company, Inc. Operation Manual

    Warranty Agreement by Myers, Nissi & Company, Inc.

    Program License Agreement

    VERTICALSOFT Operational Software designed by Myers, Nissi & Company, Inc.

3. COMPUTATION OF DAMAGES:

    Invoices, cancelled checks and testimony supportive of $156,277.15 paid to Myers, Nissi & Company, Inc.

    Invoices, receipts, cancelled checks and testimony supportive of $39,291.18 in capital outlay by Kelley Foods of Alabama, Inc.

4. INSURANCE AGREEMENTS/CONTRACTS WHICH MAY IDEMNIFY OR REIMBURSE LOSSES BY KELLEY FOODS OF ALABAMA, INC.:

    None

    CANNON, VAUGHAN & MALOY, P.C.
Attorneys for Kelley Foods of Alabama, Inc.

by: *[signature]*
P. O. Box 647
Elba, AL 36323
(334) 897-3413

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon Hons. Paul D. Palermo and John M. Herke, counsel for Myers, Nissi & Company, Inc., by United States Mail addressed to their office at Spyridon, Koch, Palermo, & Dornan, 3838 North Causeway Boulevard, Three Lakeway Center, Suite 3010, Metarie, Louisiana 70002 on this _26_ day of April, 2005.

OF COUNSEL

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| KELLEY FOODS OF ALABAMA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. 1:04 - cv-01246- |
| MYERS NISSI & COMPANY, INC.; a | ) | MHT-DRB |
| corporation d/b/a VERTICALSOFT, | ) | |
| | ) | |
| Defendant. | ) | |

### DECLARATION OF GERALD CROSS

| | |
|---|---|
| COUNTY OF COFFEE | ) |
| | ) |
| STATE OF ALABAMA | ) |

I, Gerald Cross, hereby declare as follows:

1. I am over the age of nineteen (19) years and am competent to testify to the matter set forth below, of which I have personal knowledge.

2. I have a Bachelor of Science degree from Troy University - Dothan, and I have worked in the computer/information technology industry since 1999. In addition to my hands-on experience, I am certified in Network+, and I am a Microsoft Certified Systems Administrator.

3. I am currently Manager of Information Systems for Kelley Foods of Alabama, Inc. ("Kelley Foods"). I have worked with Kelley Foods since November 2001.

4. I am very familiar with the day-to-day operations of Kelley Foods' business and the computer and information technology needs of that business.

5. I was involved in Kelley Foods' attempted purchase of computer software and services from Myers Nissi & Company ("Myers Nissi").

6.   The software provided by Myers Nissi never worked as had been represented and warranted, and could not satisfactorily perform the functions for which it was purchased by Kelley Foods. Despite numerous requests and ample opportunities to do so, Myers Nissi was unable or unwilling to rectify the problems.

7.   As a result, the software provided by Myers Nissi is useless to Kelley Foods, and Kelley Foods has been forced to purchase alternative software at substantial expense, and has suffered other damages.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 5th day of April, 2006.

_____
Gerald Cross

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| KELLEY FOODS OF ALABAMA, INC., ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | CIVIL ACTION NO. 1:04 - cv-01246- |
| MYERS NISSI & COMPANY, INC.; a ) | MHT-DRB |
| corporation d/b/a VERTICALSOFT, ) | |
| Defendant. ) | |

## DECLARATION OF SCOTT KELLEY

COUNTY OF COFFEE    )
                    )
STATE OF ALABAMA    )

I, Scott Kelley, hereby declare as follows:

1. I am over the age of nineteen (19) years and am competent to testify to the matter set forth below, of which I have personal knowledge.

2. I am currently Vice President of Manufacturing for Kelley Foods of Alabama, Inc. ("Kelley Foods"). I have an MBA degree from Auburn University, and I have worked with Kelley Foods since 1991.

3. I am very familiar with the day-to-day operations of Kelley Foods' business and the computer and information technology needs of that business.

4. I served as Project Manager in Kelley Foods' attempted purchase of computer software and services from Myers Nissi & Company ("Myers Nissi").

5. The software provided by Myers Nissi never worked as had been represented and warranted, and could not satisfactorily perform the functions for which it was purchased by

452330 v21452007 v2

Kelley Foods. Despite numerous requests and ample opportunities to do so, Myers Nissi was unable or unwilling to rectify the problems.

6. As a result, the software provided by Myers Nissi is useless to Kelley Foods, and Kelley Foods has been forced to purchase alternative software at substantial expense, and has suffered other damages.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 5th day of April, 2006.

*Scott Kelley* (signature)
Scott Kelley

1452330 v21452007 v2

2