**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF ALABAMA, SOUTHERN DIVISION**

| | | |
|---|---|---|
| KELLEY FOODS OF ALABAMA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:04 - cv-01246-MHT-DRB |
| | ) | |
| MYERS NISSI & COMPANY, INC.; a | ) | |
| corporation d/b/a VERTICALSOFT, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO MYERS NISSI & COMPANY, INC.'S
MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, FOR
INVOLUNTARY DISMISSAL, OR ALTERNATIVELY FOR EXCLUSION OF
TESTIMONY AND EVIDENCE**

COMES NOW the Defendant, MYERS NISSI & COMPANY, INC. ("MYERS NISSI"), and, pursuant to the Court's April 27, 2006 ORDER granting leave to file a Reply Brief in this matter, hereby files this reply to the Plaintiff's Opposition to Motion for Summary Judgment, or Alternatively for Involuntary Dismissal, or Alternatively for Exclusion of Testimony and Evidence. Myers Nissi files this Reply to bring to the Court's attention certain factual misstatements presented in the Plaintiff's Brief in Opposition to Myers-Nissi's Motion:

1.    On March 4, 2005, this Honorable Court entered a scheduling order (Docket No. 9) wherein it set forth deadlines applicable to both parties.

2.    In its scheduling order, this Honorable Court specifically adopted and incorporated in its uniform scheduling order the Report of Parties' Planning Meeting, filed on February 25, 2005 (Docket No. 8). See Docket No. 9, p. 5, § 13.

3.    Accordingly, all self-imposed deadlines set by the parties were adopted by the Court in its uniform scheduling order "except to the extent of any conflict with deadlines set out"

therein.  *Id.*

4.     On March 4, 2005, this Honorable Court entered a Scheduling Order (Docket No. 9) wherein it ordered:

a.     The parties to disclose to each other the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the F.R.E., and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the F.R.C.P. from the plaintiff- on or before September 23, 2005 and from the defendant - on or before October 21, 2005 (Docket No. 9, pg. 3 Section 8).

b.     Unless this Order be modified by subsequent Order of the Court, the provisions hereinabove set out are <u>binding on the parties</u> (Docket No. 9, pg. 6 Section 16).

5.     Therefore, the Plaintiff's claim that it is somehow still in compliance with the Court's scheduling order because the deadline for submitting witness and exhibit lists is supposedly "expressly tied" to the trial date is incorrect.  Rather, the parties agreed to, and the Court adopted, set dates for exchanging witness and exhibit lists as set forth in the Report of Parties' Planning Meeting (Docket No. 8).  With respect to the Plaintiff, these deadlines had been passed by nearly 120 days by the time MYERS NISSI filed its Motion for Summary Judgment on March 20, 2006.

6.      Moreover, the Plaintiff had already missed the deadline for filing witness and exhibit lists by nearly 60 days at the point when this Court entered its order modifying the uniform scheduling order on February 21, 2006.  Thus, they can hardly be heard to say that the Court's subsequent extension of the trial date somehow redeems their failure to comply with the

scheduling order in the first place.

7.    Additionally, and perhaps more importantly, MYERS NISSI did not request the change in the trial and pretrial dates as claimed to this Court in the Plaintiff's opposition.  See Docket No. 16, p. 3 at ¶ 2.  Rather, the trial and pretrial dates were extended on the Court's own motion. Contrary to the Plaintiff's contentions (see Docket No. 16, p. 2, ¶ 4), MYERS NISSI never asked that the scheduling order be amended to reset the pretrial and trial dates whether for "the unfortunate events of Hurricane Katrina," or otherwise.  Rather, MYERS NISSI complied with its obligations under the scheduling order in spite of the effects of Hurricane Katrina and despite its counsel being unable to return to counsel's offices in Metairie, Louisiana, for over two months after the hurricane.  Thus, it is disingenuous of the Plaintiff to imply that MYERS NISSI is somehow trying to capitalize on a change in the trial date that it never, in fact, requested.

WHEREFORE, Defendant, MYERS NISSI, & COMPANY, INC. requests that the Court grant the relief requested in its motion for the reasons set forth therein.

Respectfully submitted,

s/John M. Herke
JOHN M. HERKE (HERKJ9670)
Attorney for Defendant,
MYERS NISSI & COMPANY, INC.

And

GREGG L. SPYRIDON
PAUL D. PALERMO
Spyridon, Koch, Palermo & Dornan, LLC
3838 N. Causeway Blvd., Suite 3010
Metairie, La. 70002

OF COUNSEL:

EDWARD B. McDONOUGH, JR., P.C.
P.O. Box 1943
Mobile, AL 36633
Telephone:  251-432-3296
Facsimile:  251-432-3300
EMAIL:  jmh@emcdonoughlaw.com

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on the <u>27th</u> day of <u>April</u>, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                                     s/John M. Herke
                                     JOHN M. HERKE