IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| KELLEY FOODS OF ALABAMA, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:04cv1246-MHT |
| | ) | (WO) |
| MYERS NISSI & COMPANY, INC., etc., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Plaintiff Kelley Foods of Alabama, Inc., brought this
lawsuit against defendant Myers Nissi & Company, Inc.,
for damages resulting from an alleged breach of contract
and warranty.  Myers Nissi contracted with Kelley Foods
to develop computer software for Kelley Foods's
manufacturing, inventory, and financial operations and to
provide training and technical assistance to Kelley Foods
on the use and implementation of the software.  Kelley
Foods asserts that the software has not performed as
represented and that Myers Nissi has not remedied the

software's operational defects, nor provided adequate training and support.

This case is now before the court on Myers Nissi's motion for summary judgment, its alternative motion for involuntary dismissal, and its alternative motion to exclude testimony and evidence. Myers Nissi asks the court to grant these motions as sanctions pursuant to Rules 16(f), 37(b) and 41(b) of the Federal Rules of Civil Procedure, because of Kelley Foods's untimely submission of the following in violation of the court's scheduling orders: its initial disclosures, its expert witness list and reports, and its final witness and exhibit lists. Kelley Foods denies noncompliance with the court's scheduling orders.

## A. BACKGROUND

The deadlines for the disputed disclosures are governed by the court's uniform scheduling order entered pursuant to Federal Rule of Civil Procedure 16. Prior to

entry of this order, the parties were directed to file a report of the parties' planning meeting, which was to include a proposed discovery plan. In that report, the parties agreed, among other things, to exchange initial disclosures by February 25, 2005.

The court's uniform scheduling order adopted and incorporated the parties' report except to the extent the report conflicted with the deadlines specified in the order; the scheduling order made no mention of an initial disclosure deadline. It contained the following pretrial and trial dates and witness-and-exhibit-disclosure deadlines:

> "SECTION 1. A pretrial hearing of this case is scheduled for the 12th day of June, 2006, and this cause is set for trial during the term of court commencing on the 17th day of July, 2006.
>
> . . .
>
> "SECTION 8. The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts

3

or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:

From the plaintiff(s)--on or before September 23, 2005.

From the defendant(s)--on or before October 21, 2005.

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.

. . .

"SECTION 10. FORTY (40) DAYS BEFORE TRIAL, each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, exchange the names, addresses and telephone numbers of all witnesses, except witnesses solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises. The witness list should include the names of any witnesses required to be disclosed under Paragraph 8. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified.

. . .

4

"SECTION 12. FORTY (40) DAYS BEFORE TRIAL, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial, and proffering counsel shall have such evidence marked for identification prior to trial.

"Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment. Except to the extent written objections are served and filed FIFTEEN (15) DAYS BEFORE TRIAL, the evidence shall be deemed genuine and admissible in evidence. The written objections shall set forth the grounds and legal authorities. All trial exhibits must be pre-marked prior to trial."

The court late entered an order modifying the earlier deadlines in the following respects: the pretrial was reset for August 4, 2006, and the trial was reset for term of court beginning on September 11, 2006, with all deadlines expressly tied to these two dates adjusted accordingly.

5

Kelley Foods provided its initial disclosures on April 26, 2005. It filed its witness and exhibit list on August 2, 2006.

## B. SANCTIONS STANDARD

Fed. R. Civ. P. 16(f) provides that, "If a party or party's attorney fails to obey a scheduling or pretrial order, ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C) , (D)." Fed. R. Civ. P. 37(b) authorizes the court to enter orders "refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence"; "striking out pleadings or parts thereof, or ... dismissing the action or proceeding or any part thereof"; or "treating as a contempt of court the failure to obey any orders". These sanctions are designed to punish lawyers and

6

parties for unreasonably delaying or otherwise interfering with the court's ability to expeditiously manage trial preparation, to prevent unfair prejudice to the litigants, and to insure the integrity of the discovery process. <u>Goforth v. Owens</u>, 766 F.2d 1533, 1535 (11th Cir. 1985); <u>DIRECTV, Inc. v. Huynh</u>, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (Thompson, J.).

Fed. R. Civ. P. 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules. However, "[d]ismissal of a case with prejudice is ... a sanction of last resort, applicable only in extreme circumstances." <u>Jones v. Graham</u>, 709 F.2d 1457, 1458 (11th Cir. 1983).

## C. DISCUSSION

Myers Nissi argues that Kelley Foods should be sanctioned because its initial disclosures, its expert witness list and reports, and its general witness and

7

exhibit lists were all untimely.  The court will address
the timeliness of each disclosure in turn.

### i. Initial disclosures

Kelley Foods's initial disclosures were untimely
because they were not provided until two months after the
deadline of February 25, 2005, set forth in the planning
report and adopted by the initial scheduling order.
While the Rule 37(b)(2) sanctions detailed above are
available remedies for Kelley Foods's failure to obey
this court's scheduling order, such sanctions are not
necessary for this two-month delay because, first, Myers
Nissi waited over a year to object to Kelley Foods's
tardiness; Myers Nissi's objection to Kelley Foods's
conduct is itself untimely.  Second, Myers Nissi cannot
establish that it has been prejudiced by the late
disclosures; Myers Nissi still obtained the information
approximately nine months prior to the end of discovery

and more than a year before the trial date, which allowed Myers Nissi more than adequate time to prepare for trial.

### ii. Expert witness list and reports

The deadline for identifying expert witnesses and disclosing expert reports--September 23, 2005--has passed. However, Kelley Foods has not violated the scheduling order by failing to make such disclosures because it has no intention of calling any expert witnesses.

### iii. Witness and exhibit lists

Under the uniform scheduling order, the witness and exhibit lists disclosure deadline was expressly tied to the trial date. However, with modification of that order, setting forth a new trial date, the deadline was adjusted accordingly. Kelley Foods complied with the adjusted deadline.

## D. CONCLUSION

For the foregoing reasons, it is ORDERED that defendant Myers Nissi & Company, Inc.'s motion for summary judgment, alternative motion for involuntary dismissal, and alternative motion to exclude testimony and evidence (Doc. No. 14) are denied.

DONE, this the 9th day of August, 2006.


        /s/ Myron H. Thompson
        UNITED STATES DISTRICT JUDGE