# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| KELLEY FOODS OF ALABAMA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:04 - cv-01246-MHT-DRB |
| ) | |
| MYERS NISSI & COMPANY, INC.; a ) | |
| corporation d/b/a VERTICALSOFT, ) | |
| ) | |
| Defendant. ) | |

## MYERS NISSI & COMPANY, INC.'s OBJECTIONS TO DOCUMENTS PROFFERED FOR INTRODUCTION BY PLAINTIFFS

COMES NOW Defendant, MYERS NISSI & COMPANY, INC. ("MYERS NISSI"), and files its Objection with the Court regarding last-minute documents and evidence proffered by the Plaintiff in this matter in clear violation Plaintiff's obligations under the Federal Rules of Evidence, as well as the Court's scheduling orders and pretrial orders in this matter. Myers Nissi submits that Plaintiff has undertaken this course of conduct in an effort to achieve what amounts to "trial by ambush," and Myers Nissi therefore requests that this Court enter an order prohibiting Plaintiff from introducing any documents or evidence that were untimely provided to counsel for Myers Nissi, and in support of its objection and request for such order states:

1. On March 4, 2005, this Honorable Court entered a scheduling order (Docket No. 9) wherein it set forth deadlines applicable to both parties.

2. In its scheduling order, this Honorable Court specifically stated that the parties had an affirmative duty to "furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial." *See* Docket No. 9, p. 5, § 12 (emphasis added). Any such exhibits were to be furnished "FORTY (40) DAYS BEFORE TRIAL." *See id.* (emphasis

in original).

3. Trial of this matter is set for September 11, 2006; therefore, Plaintiff was obligated to furnish counsel opposite any "exhibits or tangible evidence to be used at the trial" on or before AUGUST 4, 2006. *See id.*

4. As of August 4, 2006, Plaintiff had never furnished counsel opposite with even a single piece of paper or other evidence that it claimed to intend using at the trial of this matter. Rather, in both its Initial Disclosures (filed two months late) and its "Exhibit List," Plaintiff merely referred to generic categories of materials it expected to use. *See* Exhibit 1 and Docket No. 22. No documents were ever furnished.

5. Counsel for Myers Nissi pointed out this deficiency to the Court at the pretrial conference on August 4, 2006. In derogation of the affirmative duty to provide these documents, counsel for Plaintiff stated that he would now provide said documents if they were requested.

6. Accordingly, out of an abundance of caution, on August 15, 2006, counsel for Myers Nissi sent formal correspondence to Plaintiff's counsel seeking to obtain all documents mentioned in Items 7, 8, and 9 of Plaintiff's "Exhibit List."[1] Myers Nissi also requested that Plaintiff provide "a mutually convenient time and place to inspect the software referred to in item one (1)" of Plaintiff's Exhibit List. These items of expected evidence were nowhere mentioned in Plaintiff's late-filed initial disclosures, and no such documents or software had ever been provided to Myers Nissi by the Plaintiff.

7. Nevertheless, not until August 28, 2006, (not coincidentally the deadline for making objections to proffered evidence), did counsel for Myers Nissi receive, via FedEx, approximately SEVEN HUNDRED (700) PAGES of documents – undivided and unlabelled

---

[1] The remaining items in Plaintiff's "Exhibit List" were documents Myers Nissi provided to the Plaintiff in its initial disclosures.

except by item number – that Plaintiff's counsel identified as being responsive to Myers Nissi's request.

8.   Plainly, Plaintiff failed by more than three weeks in its affirmative duty to "furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial." *See* Docket No. 9, p. 5, § 12.  This, despite advising the Court that such evidence would be timely provided, and despite it having been formally requested by counsel opposite weeks earlier.  Moreover, this voluminous set of documents was finally provided to counsel for Myers Nissi only two (two) weeks prior to trial.

9.   Just as plainly, counsel for Myers Nissi cannot now timely inspect, in the few hours available in order to meet the deadline for objections, over SEVEN HUNDRED (700)PAGES of documentary evidence, determine its relevance *vel non*, and file any specific, targeted objections regarding the pages it believes may be objectionable.

10.  In its Scheduling Order, this Court clearly and unequivocally stated that all non-impeachment evidence must be furnished to counsel opposite "FORTY DAYS BEFORE TRIAL" and that "[u]nless specifically agreed to between the parties or allowed by the Court for good cause shown, <u>the parties shall be precluded from offering such evidence not so furnished</u> and identified, with the exception of evidence to be used solely for the purpose of impeachment." *See* Docket No. 9, p. 5, § 12 (emphasis added).

11.  Accordingly, because of Plaintiff's untimely provision of said documents, its continuing pattern of late filings (if at all) and the impossibility of making targeted objections to specific documents at this late date, Myers Nissi objects to the entirety of Plaintiff's submission and asks that same be stricken by the Court and not allowed in evidence at the trial of this matter.

WHEREFORE, defendant, MYERS NISSI & COMPANY, INC., objects to Plaintiff's

untimely provision of expected evidence and moves this Honorable Court for an Order precluding the plaintiffs from introducing any exhibits or other evidence not furnished to counsel opposite on or before August 4, 2006. Myers Nissi further requests such other relief, either general or special, to which it may be entitled in law or equity.

Respectfully submitted,

/s/ John M. Herke
**JOHN M. HERKE (#HER045)**
**PAUL D. PALERMO T.A. (#19725)**
**SPYRIDON, PALERMO & DORNAN, LLC**
3838 N. Causeway Blvd.
Three Lakeway Center, Suite 3010
Metairie, Louisiana 70002
Telephone: (504) 830-7800
Facsimile:   (504) 830-7810
**Counsel for Myers Nissi & Co., Inc.**

CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

s/John M. Herke
JOHN M. HERKE

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

KELLEY FOODS OF ALABAMA, INC.,  )
      PLAINTIFF,  )
      )
VS.  )  CASE NO. 1:04cv 1246-B
      )
MYERS, NISSI & COMPANY, INC.,  )
a corporation d/b/a VERTICALSOFT,  )
      DEFENDANT  )

## PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)

COMES NOW Kelley Foods of Alabama, Inc., and pursuant to Rule 26(a), Federal Rules of Civil Procedure, provides the following initial disclosures:

1. PLAINTIFF'S WITNESS LIST:

    Mr. Edwin B. Kelley, President
    Kelley Foods of Alabama, Inc.
    P.O. Box 708
    Elba, AL 36323
    (334) 897-5761

    Mr. Charles Scott Kelley, Assistant Vice President of Manufacturing
    and Project Manager
    Kelley Foods of Alabama, Inc.
    P.O. Box 708
    Elba, AL 36323
    (334) 897-5761

    Mr. Alex D. Mount, Controller
    Kelley Foods of Alabama, Inc.
    P.O. Box 708
    Elba, AL 36323
    (334) 897-5761

    Mr. Gerald D. Cross, Manager of Information Systems
    Kelley Foods of Alabama, Inc.
    P.O. Box 708
    Elba, AL 36323
    (334) 897-5761

    Mr. Kenneth O. Hattaway, Production Manager
    Kelley Foods of Alabama, Inc.
    P.O. Box 708
    Elba, AL 36323
    (334) 897-5761


EXHIBIT 1

Mr. Dwight W. Kelley, Vice President of Manufacturing
Kelley Foods of Alabama, Inc.
P.O. Box 708
Elba, AL 36323
(334) 897-5761

2. LIST OF DOCUMENTS TO BE OFFERED AS TRIAL EXHIBITS OR CONTAINING DISCOVERABLE INFORMATION:

Letters and emails between Myers, Nissi & Company, Inc. and Kelley Foods of Alabama, Inc.

Myers, Nissi & Company, Inc. Operation Manual

Warranty Agreement by Myers, Nissi & Company, Inc.

Program License Agreement

VERTICALSOFT Operational Software designed by Myers, Nissi & Company, Inc.

3. COMPUTATION OF DAMAGES:

Invoices, cancelled checks and testimony supportive of $156,277.15 paid to Myers, Nissi & Company, Inc.

Invoices, receipts, cancelled checks and testimony supportive of $39,291.18 in capital outlay by Kelley Foods of Alabama, Inc.

4. INSURANCE AGREEMENTS/CONTRACTS WHICH MAY IDEMNIFY OR REIMBURSE LOSSES BY KELLEY FOODS OF ALABAMA, INC.:

None

CANNON, VAUGHAN & MALOY, P.C.
Attorneys for Kelley Foods of Alabama, Inc.

by: *Mark Vaughan*
P. O. Box 647
Elba, AL 36323
(334) 897-3413

## CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the foregoing pleading upon Hons. Paul D. Palermo and John M. Herke, counsel for Myers, Nissi & Company, Inc., by United States Mail addressed to their office at Spyridon, Koch, Palermo, & Dornan, 3838 North Causeway Boulevard, Three Lakeway Center, Suite 3010, Metarie, Louisiana 70002 on this ___26___ day of April, 2005.

*Mark Vaughan*
OF COUNSEL