IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| KELLEY FOODS OF ALABAMA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:04 - cv-01246-MHT-DRB |
| ) | |
| MYERS NISSI & COMPANY, INC.; a ) | |
| corporation d/b/a VERTICALSOFT, ) | |
| ) | |
| Defendant. ) | |

**MOTION IN LIMINE ON BEHALF OF MYERS NISSI & COMPANY, INC.
TO PROHIBIT PLAINTIFF FROM INTRODUCING ANY EVIDENCE OR
TESTIMONY REGARDING ALLEGED DAMAGES
FOR THE PURCHASE OF COMPUTER HARDWARE**

COMES NOW Defendant, MYERS NISSI & COMPANY, INC. ("MYERS NISSI"), and moves the Court for an Order prohibiting plaintiff in this matter from introducing any evidence or testimony regarding alleged damages for the purchase of computer hardware. In support of said motion, Myers Nissi states:

1) Prior to consummation of the agreement between the parties, Plaintiff was provided a document entitled "Limited Warranty", which set out the "exclusive remedies" available to Plaintiff in the event of any breach of the warranties contained in said document. A true and correct copy of said "Limited Warranty" is attached as Exhibit 1.

2) Plaintiff, through its president, signed the "Limited Warranty," acknowledging that he had read, understood, and accepted the terms of said warranty. *Brunswick Corp. v. Sittason*, 167 So.2d 126, 140 (Ala. 1964) (party is presumed to know and understand the contents of a writing that he signs, and is bound thereby, unless the actual execution of the instrument was procured by fraud).

3) the Limited Warranty in this matter contains express language setting out the exclusive remedies available to Plaintiff in the event that there was any breach of the warranty provided to plaintiff.

4) Alabama law specifically allows the parties to a commercial agreement to limit the remedies available in the event of a breach of warranty. Ala. Code § 7-2-719.

5) Plaintiff in this matter nevertheless has indicated it intends to introduce evidence and/or testimony that it spent approximately thirty-nine thousand dollars ($39,000.00) for computer hardware in connection with the matter at issue in this case. However, the exclusive remedies available to the Plaintiff in this case do not include any reimbursement of expenditures for computer hardware.

6) because the agreement between the parties validly and expressly sets forth the exclusive remedies available to the Plaintiff in the event of a breach of any warranty, and the exclusive remedies do not include reimbursement of expenditures for computer hardware, Plaintiff should be precluded from introducing any evidence or testimony regarding any such alleged expenditures in this matter. Ala. Code § 7-2-719.

7) Myers Nissi incorporates fully by reference its brief in support of this motion, filed contemporaneously herewith.

    WHEREFORE, defendant, MYERS NISSI & COMPANY, INC., moves this Honorable Court for an Order precluding the plaintiffs from introducing any evidence or testimony regarding expenditures for computer hardware, or any evidence or testimony directed toward

obtaining reimbursement for said expenditures.

>Respectfully submitted,
>Spyridon, Palermo & Dornan, LLC
>3838 N. Causeway Blvd. Suite 3010
>Metairie, La. 70002
>
>s/John M. Herke
>JOHN M. HERKE (HERKJ9670)
>GREGG L. SPYRIDON
>PAUL D. PALERMO
>Attorney for Defendant,
>MYERS NISSI & COMPANY, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

>s/John M. Herke
>JOHN M. HERKE

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

KELLEY FOODS OF ALABAMA, INC., )
      PLAINTIFF, )
       )
VS. )   CASE NO. 1:04cv 1246-B
       )
MYERS, NISSI & COMPANY, INC., )
a corporation d/b/a VERTICALSOFT, )
      DEFENDANT )

### PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)

COMES NOW Kelley Foods of Alabama, Inc., and pursuant to Rule 26(a), Federal Rules of Civil Procedure, provides the following initial disclosures:

1. PLAINTIFF'S WITNESS LIST:

   Mr. Edwin B. Kelley, President
   Kelley Foods of Alabama, Inc.
   P.O. Box 708
   Elba, AL 36323
   (334) 897-5761

   Mr. Charles Scott Kelley, Assistant Vice President of Manufacturing
   and Project Manager
   Kelley Foods of Alabama, Inc.
   P.O. Box 708
   Elba, AL 36323
   (334) 897-5761

   Mr. Alex D. Mount, Controller
   Kelley Foods of Alabama, Inc.
   P.O. Box 708
   Elba, AL 36323
   (334) 897-5761

   Mr. Gerald D. Cross, Manager of Information Systems
   Kelley Foods of Alabama, Inc.
   P.O. Box 708
   Elba, AL 36323
   (334) 897-5761

   Mr. Kenneth O. Hattaway, Production Manager
   Kelley Foods of Alabama, Inc.
   P.O. Box 708
   Elba, AL 36323
   (334) 897-5761



EXHIBIT 1

Mr. Dwight W. Kelley, Vice President of Manufacturing
Kelley Foods of Alabama, Inc.
P.O. Box 708
Elba, AL 36323
(334) 897-5761

2. LIST OF DOCUMENTS TO BE OFFERED AS TRIAL EXHIBITS OR CONTAINING DISCOVERABLE INFORMATION:

Letters and emails between Myers, Nissi & Company, Inc. and Kelley Foods of Alabama, Inc.

Myers, Nissi & Company, Inc. Operation Manual

Warranty Agreement by Myers, Nissi & Company, Inc.

Program License Agreement

VERTICALSOFT Operational Software designed by Myers, Nissi & Company, Inc.

3. COMPUTATION OF DAMAGES:

Invoices, cancelled checks and testimony supportive of $156,277.15 paid to Myers, Nissi & Company, Inc.

Invoices, receipts, cancelled checks and testimony supportive of $39,291.18 in capital outlay by Kelley Foods of Alabama, Inc.

4. INSURANCE AGREEMENTS/CONTRACTS WHICH MAY IDEMNIFY OR REIMBURSE LOSSES BY KELLEY FOODS OF ALABAMA, INC.:

None

CANNON, VAUGHAN & MALOY, P.C.
Attorneys for Kelley Foods of Alabama, Inc.

by: *Mark Vaughan*
P. O. Box 647
Elba, AL 36323
(334) 897-3413

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of the foregoing pleading upon Hons. Paul D. Palermo and John M. Herke, counsel for Myers, Nissi & Company, Inc., by United States Mail addressed to their office at Spyridon, Koch, Palermo, & Dornan, 3838 North Causeway Boulevard, Three Lakeway Center, Suite 3010, Metarie, Louisiana 70002 on this ___26___ day of April, 2005.

                                                                                 /s/ Mark Vaughan
                                                                                 OF COUNSEL