# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| KELLEY FOODS OF ALABAMA, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MYERS NISSI & COMPANY, INC.; a ) <br> corporation d/b/a VERTICALSOFT, ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. <br> 1:04 - cv-01246-MHT-DRB |

## MYERS NISSI & COMPANY, INC.'S BRIEF IN SUPPORT OF MOTION IN LIMINE TO PROHIBIT PLAINTIFF FROM INTRODUCING ANY EVIDENCE OR TESTIMONY REGARDING ALLEGED DAMAGES FOR THE PURCHASE OF COMPUTER HARDWARE

Defendant, MYERS NISSI & COMPANY, INC. ("MYERS NISSI"), moves the Court for an Order prohibiting plaintiff in this matter from introducing any evidence or testimony regarding alleged damages for the purchase of computer hardware, because computer hardware is not a part of the measure of damages contemplated by the parties in their agreement with respect to the exclusive remedies available to the plaintiff in the event of a breach of any warranty.

## BACKGROUND

Plaintiff entered into an agreement with Myers Nissi to modify, implement and install certain computer software programs in Plaintiff's meat processing facilities. Prior to consummation of the agreement between the parties, Plaintiff was provided a document entitled "Limited Warranty", which set out the "exclusive remedies" available to Plaintiff in the event of any breach of the warranties contained in said document. *See* Exhibit 1. Plaintiff, through its president, signed the "Limited Warranty," acknowledging that he had read, understood, and

accepted the terms of said warranty. *Brunswick Corp. v. Sittason*, 167 So.2d 126, 140 (Ala. 1964) (party is presumed to know and understand the contents of a writing that he signs, and is bound thereby, unless the actual execution of the instrument was procured by fraud).

The Limited Warranty in this matter contains express language setting out the *exclusive remedies* available to Plaintiff in the event that there was any breach of the warranty provided to plaintiff. Specifically, the Limited Warranty states that

> Myers Nissi & Company, Inc.'s *entire liability* and **Kelley Foods of Alabama, Inc.** [sic] *exclusive remedy* under the foregoing warranty shall be at Myers Nissi & Company, Inc.'s option: either (1) return of the price paid for Process 800 plus scheduled capital outlay for Navision foundation software and services paid to Myers Nissi & Co., Inc. related to the implementation of Phase 1 and Phase 2, or (b) [sic] repair or replacement of the software that does not meet this Limited Warranty.

Exhibit 1, Limited Warranty (italics added; bold in original).

Alabama law specifically allows the parties to a commercial agreement, such as the one at issue, to limit the remedies available in the event of a breach of warranty. Ala. Code § 7-2-719. Further, "[r]esort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy." Ala. Code § 7-2-719(b). Nowhere in the Limited Warranty language is there any mention of reimbursement for any computer hardware Plaintiff may have acquired and, therefore, Plaintiff has no cause of action for reimbursement of its computer hardware expenditures. *See Harris Moran Seed Co., Inc. v. Phillips*, 2006 WL 1719936 (Ala. Civ. App. June 23, 2006).

Plaintiff in this matter nevertheless has indicated it intends to attempt to introduce evidence and/or testimony that it spent approximately thirty-nine thousand dollars ($39,000.00) for computer hardware in connection with the matter at issue. However, the exclusive remedies available to the Plaintiff in this case do not include any reimbursement of expenditures for

computer hardware. Because the agreement between the parties validly and expressly sets forth the exclusive remedies available to the Plaintiff in the event of a breach of any warranty, and the exclusive remedies do not include reimbursement of expenditures for computer hardware, Plaintiff should be precluded from introducing any evidence or testimony regarding any such alleged expenditures in this matter. Ala. Code § 7-2-719; *Harris Moran Seed Co., Inc.,* 2006 WL 1719936.

WHEREFORE, defendant, MYERS NISSI & COMPANY, INC., moves this Honorable Court for an Order precluding the plaintiffs from introducing any evidence or testimony regarding expenditures for computer hardware, or any evidence or testimony directed toward obtaining reimbursement for said expenditures.

Respectfully submitted,
Spyridon, Palermo & Dornan, LLC
3838 N. Causeway Blvd. Suite 3010
Metairie, La. 70002

s/John M. Herke
JOHN M. HERKE (HERKJ9670)
GREGG L. SPYRIDON
PAUL D. PALERMO
Attorney for Defendant,
MYERS NISSI & COMPANY, INC.

CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

s/John M. Herke
JOHN M. HERKE

H:\M0704001\Pleadings\Federal Court\pretrial motions\briefs\brief iso Motion in Limine on dmgs.wpd

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| KELLEY FOODS OF ALABAMA, INC., ) <br> PLAINTIFF, ) <br> ) <br> VS. ) <br> ) <br> MYERS, NISSI & COMPANY, INC., ) <br> a corporation d/b/a VERTICALSOFT, ) <br> DEFENDANT ) | CASE NO. 1:04cv 1246-B |

### PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)

COMES NOW Kelley Foods of Alabama, Inc., and pursuant to Rule 26(a), Federal Rules of Civil Procedure, provides the following initial disclosures:

1. PLAINTIFF'S WITNESS LIST:

   Mr. Edwin B. Kelley, President
   Kelley Foods of Alabama, Inc.
   P.O. Box 708
   Elba, AL 36323
   (334) 897-5761

   Mr. Charles Scott Kelley, Assistant Vice President of Manufacturing
   and Project Manager
   Kelley Foods of Alabama, Inc.
   P.O. Box 708
   Elba, AL 36323
   (334) 897-5761

   Mr. Alex D. Mount, Controller
   Kelley Foods of Alabama , Inc.
   P.O. Box 708
   Elba, AL 36323
   (334) 897-5761

   Mr. Gerald D. Cross, Manager of Information Systems
   Kelley Foods of Alabama, Inc.
   P.O. Box 708
   Elba, AL 36323
   (334) 897-5761

   Mr. Kenneth O. Hattaway, Production Manager
   Kelley Foods of Alabama, Inc.
   P.O. Box 708
   Elba, AL 36323
   (334) 897-5761



Mr. Dwight W. Kelley, Vice President of Manufacturing
Kelley Foods of Alabama, Inc.
P.O. Box 708
Elba, AL 36323
(334) 897-5761

2. LIST OF DOCUMENTS TO BE OFFERED AS TRIAL EXHIBITS OR CONTAINING DISCOVERABLE INFORMATION:

Letters and emails between Myers, Nissi & Company, Inc. and Kelley Foods of Alabama, Inc.

Myers, Nissi & Company, Inc. Operation Manual

Warranty Agreement by Myers, Nissi & Company, Inc.

Program License Agreement

VERTICALSOFT Operational Software designed by Myers, Nissi & Company, Inc.

3. COMPUTATION OF DAMAGES:

Invoices, cancelled checks and testimony supportive of $156,277.15 paid to Myers, Nissi & Company, Inc.

Invoices, receipts, cancelled checks and testimony supportive of $39,291.18 in capital outlay by Kelley Foods of Alabama, Inc.

4. INSURANCE AGREEMENTS/CONTRACTS WHICH MAY IDEMNIFY OR REIMBURSE LOSSES BY KELLEY FOODS OF ALABAMA, INC.:

None

CANNON, VAUGHAN & MALOY, P.C.
Attorneys for Kelley Foods of Alabama, Inc.

by: *Mark Vaughan*
P. O. Box 647
Elba, AL 36323
(334) 897-3413

**CERTIFICATE OF SERVICE**

  I hereby certify that I have served a copy of the foregoing pleading upon Hons. Paul D. Palermo and John M. Herke, counsel for Myers, Nissi & Company, Inc., by United States Mail addressed to their office at Spyridon, Koch, Palermo, & Dornan, 3838 North Causeway Boulevard, Three Lakeway Center, Suite 3010, Metarie, Louisiana 70002 on this ___26___ day of April, 2005.

*Mark Vaughan*
OF COUNSEL
