**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION**

| | |
|---|---|
| KELLEY FOODS OF ALABAMA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:04 - cv-01246-MHT-DRB |
| ) | |
| MYERS NISSI & COMPANY, INC.; a ) | |
| corporation d/b/a VERTICALSOFT, ) | |
| ) | |
| Defendant. ) | |

**MOTION IN LIMINE ON BEHALF OF MYERS NISSI & COMPANY, INC. TO PROHIBIT PLAINTIFF FROM INTRODUCING ANY EVIDENCE OR TESTIMONY REGARDING ALLEGED IMPLIED WARRANTIES INCLUDING WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE**

COMES NOW Defendant, MYERS NISSI & COMPANY, INC. ("MYERS NISSI"), and moves the Court for an Order prohibiting plaintiff in this matter from introducing any evidence or testimony regarding:

a) an alleged implied warranty of merchantability;

b) an alleged implied warranty of fitness for a particular purpose; or

c) any other alleged "implied warranty."

In support of this motion, Myers Nissi states:

1) Prior to consummation of the agreement between the parties, Plaintiff was provided a document entitled "Limited Warranty", which set out the "exclusive remedies" available to Plaintiff in the event of any breach of the warranties contained in said document. A true and correct copy of said "Limited Warranty" is attached as Exhibit 1.

2) Plaintiff, through its president, signed the "Limited Warranty," acknowledging that he had read, understood, and accepted the terms of said warranty. *Brunswick Corp. v. Sittason*, 167

So.2d 126, 140 (Ala. 1964).

3) the Limited Warranty in this matter contains express language which states that the agreement between the parties shall "specifically exclude any implied warranties of merchantability and fitness for a particular purpose." *See* Exhibit 1. The Limited Warranty further states that "[n]o other warranties are expressed and none shall be implied." *Id.*

4) under Alabama law, parties to a commercial contract such as the one at issue may validly agree to limit the warranty between the parties. Ala. Code §§ 7-2-316; 7-2-719; *Moorer v. Hartz Seed Co.*, 120 F.Supp.2d 1283, 1290 (M.D. Ala. 2000).

5) because the signed agreement between the parties validly and expressly disclaims the provision of any implied warranty of merchantability, any warranty of fitness for a particular purpose, or any other implied warranty, Plaintiff should be precluded from introducing any evidence or testimony regarding any such alleged implied warranties in this matter.

6) Myers Nissi incorporates fully by reference its brief in support of this motion, filed contemporaneously herewith.

WHEREFORE, defendant, MYERS NISSI & COMPANY, INC., moves this Honorable Court for an Order precluding the plaintiffs from introducing any testimony regarding:

a) an alleged implied warranty of merchantability;

b) an alleged implied warranty of fitness for a particular purpose; or

c) any other alleged "implied warranty."

        Respectfully submitted,
        Spyridon, Palermo & Dornan, LLC
        3838 N. Causeway Blvd. Suite 3010
        Metairie, La. 70002

        s/John M. Herke
        JOHN M. HERKE (HERKJ9670)
        GREGG L. SPYRIDON
        PAUL D. PALERMO
        Attorneys for Defendant,
        MYERS NISSI & COMPANY, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

        s/John M. Herke
        JOHN M. HERKE