# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| KELLEY FOODS OF ALABAMA, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MYERS NISSI & COMPANY, INC.; a )<br>corporation d/b/a VERTICALSOFT, )<br>)<br>Defendant. ) | CIVIL ACTION NO.<br>1:04 - cv-01246-MHT-DRB |

**BRIEF IN SUPPORT OF MYERS NISSI & COMPANY, INC.'S MOTION IN LIMINE TO PROHIBIT PLAINTIFF FROM INTRODUCING ANY EVIDENCE OR TESTIMONY REGARDING ALLEGED IMPLIED WARRANTIES INCLUDING WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE**

Defendant, MYERS NISSI & COMPANY, INC. ("MYERS NISSI"), moves the Court for an Order prohibiting plaintiff in this matter from introducing any evidence or testimony regarding:

a) an alleged implied warranty of merchantability;

b) an alleged implied warranty of fitness for a particular purpose; or

c) any other alleged "implied warranty."

In support of this motion, Myers Nissi states:

As a part of the agreement between the parties, Plaintiff was provided a document entitled "Limited Warranty", which set out the "exclusive remedies" available to Plaintiff in the event of any breach of the warranties contained in said document. See Exhibit 1. Plaintiff, through its president, signed the "Limited Warranty," acknowledging that he had read, understood, and accepted the terms of said warranty. *Brunswick Corp. v. Sittason*, 167 So.2d 126, 140 (Ala. 1964).

Under Alabama law, "a party may exclude or disclaim any implied warranty of merchantability or any implied warranty of fitness for a particular purpose by including the appropriate language of disclaimer in the contract or agreement." *Moorer v. Hartz Seed Co.*, 120 F.Supp.2d 1283, 1290 (M.D. Ala. 2000). By statute, the parties may agree to "exclude or modify the implied warranty of merchantability or any part of it . . . and to exclude or modify any implied warranty of fitness." Ala. Code § 7-2-316. Furthermore, parties to a commercial contract such as the one at issue may validly agree to limit the warranty between the parties. In particular, Ala. Code § 7-2-719 states that the "agreement may provide for remedies in addition to or in substitution for those provided in this article and may limit or alter the measure of damages recoverable under this article, as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of nonconforming goods or parts." *Id.* In conformity with the authority granted by Ala. Code § 7-2-316 and § 7-2-719, the Limited Warranty at issue in this case contains specific, clear and express language disclaiming the provision of any "warranty of merchantability and for a particular purpose." The Limited Warranty further provides that "[n]o other warranties are expressed and none may be implied." See Exhibit 1.

Because the signed agreement between the parties specifically, validly and expressly disclaims the provision of any warranty of merchantability, warranty of fitness for a particular purpose, or any other implied warranty, Plaintiff should be precluded from introducing any evidence or testimony regarding any such alleged implied warranties in this matter.

WHEREFORE, defendant, MYERS NISSI & COMPANY, INC., moves this Honorable Court for an Order precluding the plaintiffs from introducing any testimony regarding:

a) an alleged implied warranty of merchantability;

b) an alleged implied warranty of fitness for a particular purpose; or

c) any other alleged "implied warranty."

                        Respectfully submitted,
                        Spyridon, Palermo & Dornan, LLC
                        3838 N. Causeway Blvd. Suite 3010
                        Metairie, La. 70002

                        s/John M. Herke
                        JOHN M. HERKE (HERKJ9670)
                        GREGG L. SPYRIDON
                        PAUL D. PALERMO
                        Attorneys for Defendant,
                        MYERS NISSI & COMPANY, INC.

## CERTIFICATE OF SERVICE

    I hereby certify that on the 28th day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                        s/John M. Herke
                        JOHN M. HERKE

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

KELLEY FOODS OF ALABAMA, INC., )
      PLAINTIFF, )
       )
VS. ) CASE NO. 1:04cv 1246-B
       )
MYERS, NISSI & COMPANY, INC., )
a corporation d/b/a VERTICALSOFT, )
      DEFENDANT )

### PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)

COMES NOW Kelley Foods of Alabama, Inc., and pursuant to Rule 26(a), Federal Rules of Civil Procedure, provides the following initial disclosures:

1. PLAINTIFF'S WITNESS LIST:

    Mr. Edwin B. Kelley, President
    Kelley Foods of Alabama, Inc.
    P.O. Box 708
    Elba, AL 36323
    (334) 897-5761

    Mr. Charles Scott Kelley, Assistant Vice President of Manufacturing
    and Project Manager
    Kelley Foods of Alabama, Inc.
    P.O. Box 708
    Elba, AL 36323
    (334) 897-5761

    Mr. Alex D. Mount, Controller
    Kelley Foods of Alabama, Inc.
    P.O. Box 708
    Elba, AL 36323
    (334) 897-5761

    Mr. Gerald D. Cross, Manager of Information Systems
    Kelley Foods of Alabama, Inc.
    P.O. Box 708
    Elba, AL 36323
    (334) 897-5761

    Mr. Kenneth O. Hattaway, Production Manager
    Kelley Foods of Alabama, Inc.
    P.O. Box 708
    Elba, AL 36323
    (334) 897-5761


EXHIBIT 1

Mr. Dwight W. Kelley, Vice President of Manufacturing
Kelley Foods of Alabama, Inc.
P.O. Box 708
Elba, AL 36323
(334) 897-5761

2. LIST OF DOCUMENTS TO BE OFFERED AS TRIAL EXHIBITS OR CONTAINING DISCOVERABLE INFORMATION:

Letters and emails between Myers, Nissi & Company, Inc. and Kelley Foods of Alabama, Inc.

Myers, Nissi & Company, Inc. Operation Manual

Warranty Agreement by Myers, Nissi & Company, Inc.

Program License Agreement

VERTICALSOFT Operational Software designed by Myers, Nissi & Company, Inc.

3. COMPUTATION OF DAMAGES:

Invoices, cancelled checks and testimony supportive of $156,277.15 paid to Myers, Nissi & Company, Inc.

Invoices, receipts, cancelled checks and testimony supportive of $39,291.18 in capital outlay by Kelley Foods of Alabama, Inc.

4. INSURANCE AGREEMENTS/CONTRACTS WHICH MAY IDEMNIFY OR REIMBURSE LOSSES BY KELLEY FOODS OF ALABAMA, INC.:

None

CANNON, VAUGHAN & MALOY, P.C.
Attorneys for Kelley Foods of Alabama, Inc.

by: *Mark Vaughan*
P. O. Box 647
Elba, AL 36323
(334) 897-3413

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of the foregoing pleading upon Hons. Paul D. Palermo and John M. Herke, counsel for Myers, Nissi & Company, Inc., by United States Mail addressed to their office at Spyridon, Koch, Palermo, & Dornan, 3838 North Causeway Boulevard, Three Lakeway Center, Suite 3010, Metarie, Louisiana 70002 on this ___26___ day of April, 2005.

                                                                                               *Mark Vaughan*

                                                                                             OF COUNSEL