## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| KELLEY FOODS OF ALABAMA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:04 - cv-01246-MHT-DRB |
| ) | |
| MYERS NISSI & COMPANY, INC.; a ) | |
| corporation d/b/a VERTICALSOFT, ) | |
| ) | |
| Defendant. ) | |

**MYERS NISSI & COMPANY, INC.'s BRIEF IN SUPPORT OF MOTION IN LIMINE TO STRIKE THE DECLARATIONS OF GERALD CROSS AND SCOTT KELLEY**

Defendant, Myers Nissi & Company, Inc. ("Myers Nissi"), moves this Honorable Court for an order striking the declarations of Gerald Cross and Scott Kelley in this matter.

In support of said motion, Myers Nissi submits that Gerald Cross and Scott Kelley lack personal knowledge of the functioning of the Navision foundation software and the Process 800 software at issue in this matter.  Myers Nissi further submits that testimony regarding the functionality of these software programs necessarily requires an expert due to the highly complex and technical nature of computer software.  Further, this Court has previously ruled that Plaintiff may not introduce expert testimony due to its having failed to designate any witness as an expert in this matter.

At the pre-trial conference, the Court specifically found, based on the plaintiffs' representations to the Court, that the plaintiffs "have no intention of presenting expert testimony."  *See Docket No. 27.*   Plaintiff's counsel has nevertheless submitted the declarations of Gerald Cross and Scott Kelley, both of which purport to express the opinions

that "[t]he software provided by Myers Nissi never worked as had been represented and warranted, and could not satisfactorily perform the functions for which it was purchased by Kelley Foods." Neither Cross nor Kelley have first-hand knowledge of information sufficient to render such opinions. Moreover, such opinions are clearly based on "scientific, technical or other specialized knowledge within the scope of Rule 702." As such, they would be "expert testimony" which this Court has previously ruled will not be permitted. Therefore, the declarations of Cross and Kelley should be stricken.

A.   Cross and Kelley have no first-hand personal knowledge of how the Navision foundation software or the Process 800 software functions

It is a fundamental tenet of evidentiary law that a fact witness's testimony, whether by deposition, affidavit or declaration, or at trial, must be based on the personal knowledge of the witness regarding the subject of his or her testimony. FED. R. EVID. 602; *Phillips v. American Honda Motor Co., Inc.*, 2006 WL 2023579 at hn.1. If the witness lacks personal knowledge regarding the subject matter of the testimony, that testimony must be excluded. *Id.* at hn 4. Moreover, any "lay opinion must be rationally based on the perception of the witness. This requirement is the familiar requirement of first-hand knowledge or observation." *United States v. Glenn*, 312 F.3d 58, 67 (2nd Cir. 2002)(citations and quotations omitted).

In the case at bar, neither Gerald Cross nor Scott Kelley had any input into development of either the Navision foundation software, the base program for Process 800, or the Process 800 meat-specific features that were developed for the Process 800 product and applied at Kelley Foods' plant. *See* Declaration of Don Tyler, Exhibit 1. Kelley Foods did not have a license that

allowed them access to either the Navision software programming code or the Process 800 programming code, nor did anyone at Kelley Foods ever test Process 800 in a test environment designed to simulate a real-life production situation. *Id.* Moreover, all of the programming modifications for these software products relative to their implementation at Kelley Foods were performed by Myers Nissi.[1] At no time did anyone from Kelley Foods, including Cross or Kelley, perform any programming or program modifications on either set of software. *See id.* As such, neither Cross nor Kelley has any first-hand personal knowledge of how the Navision software functions or is supposed to function, nor does either Cross or Kelley have first-hand personal knowledge of how the Process 800 software functions or is supposed to function. Lacking personal knowledge of these critical matters, neither Cross nor Kelley can validly testify about the functioning of either set of software, whether it functioned properly or improperly, whether it contained any flaws or deficiencies, or whether it functioned "as warranted." *See Phillips*, 2006 WL 2023579 at hn.4; *United States v. Glenn*, 312 F.3d at 67; FED. R. EVID. 602.

B.  <u>Cross and Kelley may not give "lay opinion" testimony regarding the highly technical and specialized issues involved in the functioning of Navision and Process 800 computer software</u>

In their declarations, Cross and Kelley purport to lay the foundation for giving testimony regarding the specialized, technical and complex field of computer programming and software. However, Federal Rule of Evidence 701 provides that lay opinion testimony may not be based on "scientific, technical or specialized knowledge within the scope of Rule 702." Fed. R. Evid.

---

[1] Technically, the programming modifications were performed by VerticalSoft, a "d/b/a" entity wholly owned and operated by Myers Nissi and Stoltz Enterprises. However, it remains the case that at no time did anyone from Kelley Foods perform any programming or program modifications on either set of software.

701(c). Thus, "[o]ccurrence witnesses, including those providing 'lay opinions,' cannot provide opinions 'based on scientific, technical or other specialized knowledge.'" *Bank of China, New York Branch v. NBM, LLC*, 359 F.3d 171, 181 (2nd Cir. 2003). Numerous state and federal courts have recognized the "highly technical" and complex nature of computer programs and software. *See, e.g., Stromback v. New Line Cinema*, 384 F.3d 283, 295 (6th Cir. 2004); *Kohus v. Mariol*, 328 F.3d 848, 857 (6th Cir. 2003); *Checkpoint Systems, Inc. v. Checkpoint Software Technology, Inc.*, 269 F.3d 270, 285 (3rd Cir. 2001); *Computer Assoc. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 712 (2nd Cir. 1992); *Pegasus Development Corp. v. Directv, Inc.*, 2003 WL 21105073 *2 (D. Del. 2003); *Advent Systems, Ltd. v. Unisys Corp.*, 1988 WL 46258 *1 (E.D. Pa. 1988); *Cybertek Computer Products, Inc. v. Whitfield*, 203 U.S.P.Q. 1020, 1023 (Cal. Super. Ct. 1977). Accordingly, any testimony in Cross's and/or Kelley's declarations regarding Navision software or Process 800 software that is not purely fact testimony based on the witness's personal knowledge and perceptions would necessarily involve inadmissible "expert testimony" under Rule 702 because it would be based on its specialized, technical nature with regard to software programming and functioning. *See, e.g.*, *Phillips*, 2006 WL 2023579 at hn.4 (testimony of treating doctors that is not based on personal knowledge gained in treatment of patient is expert testimony under Rule 702).

    1.    *To the extent either Cross or Kelley was an "operator" of the software at issue, they may only testify to the functions they personally performed or observed, and they may not testify regarding whether those functions were within the scope of the warranty provided by Myers Nissi.*

"Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. . . . By channeling testimony that is actually expert testimony to Rule 702, the

amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 . . . by simply calling an expert witness in the guise of a layperson." Fed. R. Evid. 701, advisory committee's notes (citations omitted).

In *Bank of China, supra*, the federal Second Circuit held that those portions of a witness's testimony which were *exclusively* based on his personal observations and perceptions were permissible lay witness testimony. *See Bank of China*, 359 F.3d at 181. However, at the point where the witness's opinions "reflected specialized knowledge he has because of his extensive experience in international banking, its admission pursuant to Rule 701 was error." *See id.*

Further, in *Gart v. Logitech, Inc.*, 254 F.Supp.2d 1119 (C.D. Cal. 2003) the court held that witnesses who had personally participated in the development of a computer mouse could give lay opinion testimony regarding the nature of the mouse that they helped develop, but that they could not then compare that mouse to the patent at issue, because they lacked personal knowledge of the patent's development and they had not been qualified as experts. *See id.* at 1123. According to the court, "when the declarants compare the handpieces to the limitations of the '165 Patent, they provide testimony that does require specialized knowledge. This they are not permitted to do as lay witnesses." *Id.*

In the case at bar, neither Cross nor Kelley had any hand in the development of either the Navision software or the Process 800 software, nor they ever perform any programming modifications to either set of software. Further, neither Cross nor Kelley tested Process 800 in a test environment designed to simulate a real-life production situation. *See* Declaration of Don Tyler, Exhibit 1. Therefore, any testimony by Plaintiff regarding how either the Navision software or the Process 800 software functions, or whether it functions properly, would necessarily be based on something other than first-hand, personal knowledge and would require

that the witness study the software and compare it to the software's "user documentation," using the witness's specialized knowledge of computer programming. All of such testimony and the foundation for it would require technical expertise and specialized knowledge regarding the "highly technical nature" of computer software. Accordingly, such testimony would be "expert testimony" rather than "lay testimony" within the ambit of Fed. R. Evid. 701 because it would require the witness to use "scientific, technical or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c).

Simply put, any part of either Cross's or Kelley's declarations which goes beyond the purely factual, personal observations of the witness from his limited operation of the "end-user" portions of the Navision/Process 800 software is necessarily based on "scientific, technical or other specialized knowledge" and therefore would be "opinion testimony under Rule of Evidence 702." *See Civix-DDI, LLC v. Cellco Partnership*, 387 F.Supp.2d 869, 885 (N.D. Ill. 2005).

Because this Court has previously ruled that Plaintiff may not introduce any expert testimony, Cross's and Kelley's declarations purporting to give opinions to the effect that "[t]he software provided by Myers Nissi never worked as had been represented and warranted, and could not satisfactorily perform the functions for which it was purchased by Kelley Foods" should be stricken. *Gart*, 254 F.Supp.2d at 1123; *Phillips*, 2006 WL 2023579 at hn.4; *see also K & D Distributors v. Aston Group (Michigan) Inc.*, 354 F.Supp.2d 761 (N.D. Ohio 2005) (holding that whether computer software seller updated customer's computer systems in a professional manner was a question that required scientific, technical or specialized knowledge outside the jury's general knowledge and experience).

Respectfully submitted,

Spyridon, Palermo & Dornan, LLC
3838 N. Causeway Blvd. Suite 3010
Metairie, La. 70002

s/John M. Herke
JOHN M. HERKE (HERKJ9670)
GREGG L. SPYRIDON
PAUL D. PALERMO
Attorneys for Defendant,
MYERS NISSI & COMPANY, INC.

CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

s/John M. Herke
JOHN M. HERKE

H:\M0704001\Pleadings\Federal Court\pretrial motions\briefs\brief iso mil declarations.wpd

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| KELLEY FOODS OF ALABAMA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:04 - cv-01246-MHT-DRB |
| ) | |
| MYERS NISSI & COMPANY, INC.; a ) | |
| corporation d/b/a VERTICALSOFT, ) | |
| ) | |
| Defendant. ) | |

### DECLARATION OF DON TYLER

STATE OF LOUISIANA
PARISH OF ST. TAMMANY

I, DON TYLER, hereby declare as follows:

1. I am over the age of nineteen (19) years and I am competent in all respects to testify to the matters set forth below, of which I have personal knowledge.

2. I have a Master's degree in accounting from Tulane University. I have worked in the computer software industry in sales and software implementation since 1985. I am a certified Navision software specialist, and I was personally, "hands-on" involved, from the "ground up" in the development of Process 800 software, a Verticalsoft product.

3. I am currently the Senior Manager of VerticalSoft, a computer systems and software company. I have held that position since June 2001.

4. I was personally, "hands-on" involved in creating the modifications of Navision foundation software and Process 800 software sold to Kelley Foods of Alabama that are at issue in this case. I was also personally, "hands-on" involved in the implementation of both software programs at Kelley Foods of Alabama's Elba, Alabama manufacturing plant.

5. No one at Kelley Foods had any input into the development of either the Navision foundation software or the Process 800 meat-specific features that were developed for the Process 800 product. All of the programming for these software products was performed by VerticalSoft.

6. During all times material to this lawsuit, Kelley Foods did not have a license that allowed them access to either the Navision software programming code or the Process 800 programming code.

7. During all times material to this lawsuit, Kelley Foods never tested Process 800 in a test environment designed to simulate a real-life production situation.

8. During all times material to this lawsuit, Kelley Foods never ran Process 800 in a live environment for a sufficient period of time in which to allow formation of an informed opinion regarding whether Process 800 performs properly.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 28th day of August, 2006.

*/s/ Donald H. Tyler*
DON TYLER

H:\M0704001\Pleadings\Federal Court\Affidavits\Affidavit - Don Tyler.wpd