IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| KELLEY FOODS OF ALABAMA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:04 - cv-01246-MHT-DRB |
| ) | |
| MYERS NISSI & COMPANY, INC.; a ) | |
| corporation d/b/a VERTICALSOFT, ) | |
| ) | |
| Defendant. ) | |

**MOTION IN LIMINE ON BEHALF OF MYERS NISSI & COMPANY, INC.
TO PROHIBIT PLAINTIFF FROM INTRODUCING ANY TESTIMONY
REGARDING THE PROPER FUNCTIONING OF, OR ALLEGED FLAWS
OR DEFICIENCIES IN, NAVISION FOUNDATION SOFTWARE
AND/OR PROCESS 800 SOFTWARE**

COMES NOW Defendant, MYERS NISSI & COMPANY, INC. ("MYERS NISSI"), and moves the Court for an Order prohibiting plaintiff in this matter from introducing any testimony regarding:

a) how the Navision foundation software at issue in this matter, or the Process 800 software at issue in this matter, functioned;

b) whether either set of software functioned properly;

c) whether either set of software contained any alleged flaws or deficiencies; and

d) whether either set of software functioned "as warranted."

In support of this motion, Myers Nissi states:

1) Plaintiffs have no personal knowledge of the functions, workings, or programming codes specific to either the Navision "foundation software" or the "Process 800" software at issue in this matter. Therefore, their testimony on these matters is precluded pursuant to Fed. R. Evid.

602 and 701; and

2) testimony regarding the functions, workings, programming codes, and/or any alleged flaws or deficiencies specific to either the Navision "foundation software" or the "Process 800" software at issue in this matter requires specialized technical knowledge that is outside the common knowledge of a lay person and is, therefore, quintessentially "expert testimony" which this Court has previously ruled inadmissible.

3) Myers Nissi incorporates fully by reference its brief in support of this motion, filed contemporaneously herewith.

WHEREFORE, defendant, MYERS NISSI & COMPANY, INC., moves this Honorable Court for an Order precluding the plaintiffs from introducing any testimony regarding:

a) how the Navision foundation software at issue in this matter, or the Process 800 software at issue in this matter, functioned;

b) whether either set of software functioned properly;

c) whether either set of software contained any alleged flaws or deficiencies; and

d) whether either set of software functioned "as warranted."

Respectfully submitted,
Spyridon, Palermo & Dornan, LLC
3838 N. Causeway Blvd. Suite 3010
Metairie, La. 70002

s/John M. Herke
JOHN M. HERKE (HERKJ9670)
Attorney for Defendant,
MYERS NISSI & COMPANY, INC.

And

GREGG L. SPYRIDON
PAUL D. PALERMO

CERTIFICATE OF SERVICE

      I hereby certify that on the 28th day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                                      s/John M. Herke
                                      JOHN M. HERKE