IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| KELLEY FOODS OF ALABAMA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:04 - cv-01246-MHT-DRB |
| ) | |
| MYERS NISSI & COMPANY, INC.; a ) | |
| corporation d/b/a VERTICALSOFT, ) | |
| ) | |
| Defendant. ) | |

**MYERS NISSI & COMPANY, INC.'s BRIEF IN SUPPORT OF MOTION IN LIMINE
TO PROHIBIT PLAINTIFF FROM INTRODUCING ANY TESTIMONY
REGARDING THE PROPER FUNCTIONING OF, OR ALLEGED FLAWS OR
DEFICIENCIES IN, NAVISION FOUNDATION SOFTWARE
AND/OR PROCESS 800 SOFTWARE**

Defendant, Myers Nissi & Company, Inc. ("Myers Nissi"), moves this Honorable Court for an order prohibiting Plaintiff herein from introducing any testimony regarding:

a) how the Navision foundation software at issue in this matter, or the Process 800 software at issue in this matter, functioned;

b) whether either set of software functioned properly;

c) whether either set of software contained any alleged flaws or deficiencies; and

d) whether either set of software functioned "as warranted."

In support of said motion, Myers Nissi submits that Plaintiff lacks personal knowledge of the functioning of the Navision foundation software and the Process 800 software, and further submits that testimony regarding topics a) through d) above necessarily requires an expert due to the highly complex and technical nature of computer software. Further, this Court has previously ruled that Plaintiff may not introduce expert testimony due to its having

failed to designate any witness as an expert in this matter.

## BACKGROUND

Plaintiff in this case, Kelley Foods, owns a regional meat packing plant and food distribution center. Plaintiff engaged Myers Nissi to modify, install and implement in Plaintiff's plant certain software systems to modernize its packing plant operations and to assist in integrating those operations with its distribution center. Prior to entering into this arrangement with Myers Nissi, Plaintiff's meat packing plant operations related to order processing, inventory tracking and loss control were entirely kept on paper records produced by hand. Plaintiff's distribution center was run, at least in part, with a pre-existing accounting software that did not interface with any of the production plant operations.

Myers Nissi was engaged to modify, install and implement foundational software owned and developed by Microsoft Corporation ("the Navision foundation software"), for which Myers Nissi was a licensed distributor, and a proprietary software program owned and developed by Myers Nissi ("Process 800"). Once implemented, both of these programs would be relying for their basic operational data on Plaintiff's inputting of information regarding order processing, order numbers, lot numbers, product descriptions, and product recipes.

The Court's Scheduling Order in this matter set out specific dates by which the plaintiff was to designate expert witnesses who would be expected to testify on behalf of the plaintiff at trial. The Scheduling Order set September 23, 2005 as the deadline for the plaintiff to designate such experts. *See Docket No. 9,* Section 8. Plaintiff did not designate any expert witnesses who were expected to testify at trial, either before or after said deadline.

At the pre-trial conference, the Court specifically found, based on the plaintiffs' representations to the Court, that the plaintiffs "have no intention of presenting expert testimony." *See Docket No. 27*. Plaintiff's counsel nevertheless indicated during the pre-trial conference that they expected to attempt to introduce "lay opinion testimony" which they claim is not subject to the requirement that they disclose said witnesses as experts under the Court's Scheduling Order. This Court advised, however, that any experts expected to give opinion testimony, whether lay or otherwise, should have been disclosed under the terms and conditions of the Court's Scheduling Order. Accordingly, plaintiffs should be precluded from introducing any testimony that is deemed to be "expert testimony" whether it is introduced by way of a "lay expert" or any other kind of expert.

A.  <u>Plaintiff has no first-hand personal knowledge of how the Navision foundation software or the Process 800 software functions</u>

It is a fundamental tenet of evidentiary law that a fact witness's testimony must be based on the personal knowledge of the witness regarding the subject of his or her testimony. FED. R. EVID. 602; *Phillips v. American Honda Motor Co., Inc.*, 2006 WL 2023579 at hn.1. If the witness lacks personal knowledge regarding the subject matter of the testimony, that testimony must be excluded. *Id.* at hn 4. Moreover, any "lay opinion must be rationally based on the perception of the witness. This requirement is the familiar requirement of first-hand knowledge or observation." *United States v. Glenn*, 312 F.3d 58, 67 (2nd Cir. 2002)(citations and quotations omitted).

In the case at bar, no one at Kelley Foods had any input into development of either the Navision foundation software, the base program for Process 800, or the Process 800 meat-

specific features that were developed for the Process 800 product and applied at Kelley Foods' plant. *See* Declaration of Don Tyler, Exhibit 1. Kelley Foods did not have a license that allowed them access to either the Navision software programming code or the Process 800 programming code, nor did anyone at Kelley Foods ever test Process 800 in a test environment designed to simulate a real-life production situation. *Id.* Moreover, all of the programming modifications for these software products relative to their implementation at Kelley Foods were performed by Myers Nissi.[1] At no time did anyone from Kelley Foods perform any programming or program modifications on either set of software. *See id.* As such, no one from Kelley Foods has any first-hand personal knowledge of how the Navision software functions or is supposed to function, nor does anyone from Kelley Foods have first-hand personal knowledge of how the Process 800 software functions or is supposed to function. Lacking personal knowledge of these critical matters, no Plaintiff witness can testify about the functioning of either set of software, whether it functioned properly or improperly, whether it contained any flaws or deficiencies, or whether it functioned "as warranted." *See Phillips*, 2006 WL 2023579 at hn.4; *United States v. Glenn*, 312 F.3d at 67; FED. R. EVID. 602.

B.  <u>Plaintiff may not give "lay opinion" testimony regarding the highly technical and specialized issues involved in the functioning of Navision and Process 800 computer software</u>

Federal Rule of Evidence 701 provides that lay opinion testimony may not be based on "scientific, technical or specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). Thus, "[o]ccurrence witnesses, including those providing 'lay opinions,' cannot provide

---

[1] Technically, the programming modifications were performed by VerticalSoft, a "d/b/a" entity wholly owned and operated by Myers Nissi and Stoltz Enterprises. However, it remains the case that at no time did anyone from Kelley Foods perform any programming or program modifications on either set of software.

opinions 'based on scientific, technical or other specialized knowledge.'" *Bank of China, New York Branch v. NBM, LLC*, 359 F.3d 171, 181 (2nd Cir. 2003). Numerous state and federal courts have recognized the "highly technical" and complex nature of computer programs and software. *See, e.g., Stromback v. New Line Cinema*, 384 F.3d 283, 295 (6th Cir. 2004)*; Kohus v. Mariol*, 328 F.3d 848, 857 (6th Cir. 2003); *Checkpoint Systems, Inc. v. Checkpoint Software Technology, Inc.*, 269 F.3d 270, 285 (3rd Cir. 2001); *Computer Assoc. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 712 (2nd Cir. *1992); Pegasus Development Corp. v. Directv, Inc*., 2003 WL 21105073 *2 (D. Del. 2003); *Advent Systems, Ltd. v. Unisys Corp.*, 1988 WL 46258 *1 (E.D. Pa. 1988); *Cybertek Computer Products, Inc. v. Whitfield*, 203 U.S.P.Q. 1020, 1023 (Cal. Super. Ct. 1977). Accordingly, any testimony regarding Navision software or Process 800 software that is proffered by Plaintiff and which is not purely fact testimony based on the witness's personal knowledge and perceptions would necessarily involve inadmissible "expert testimony" under Rule 702 because it would be based on its specialized, technical nature with regard to software programming and functioning. *See, e.g.*, *Phillips*, 2006 WL 2023579 at hn.4 (testimony of treating doctors that is not based on personal knowledge gained in treatment of patient is expert testimony under Rule 702).

> 1. *To the extent Plaintiff was an "operator" of the software at issue, its witnesses may only testify to the functions they personally performed or observed, and they may not testify regarding whether those functions were within the scope of the warranty provided by Myers Nissi.*

"Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. . . . By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set

forth in Fed. R. Civ. P. 26 . . . by simply calling an expert witness in the guise of a layperson." Fed. R. Evid. 701, advisory committee's notes (citations omitted).

In *Bank of China, supra*, the federal Second Circuit held that those portions of a witness's testimony which were *exclusively* based on his personal observations and perceptions were permissible lay witness testimony. *See Bank of China*, 359 F.3d at 181. However, at the point where the witness's opinions "reflected specialized knowledge he has because of his extensive experience in international banking, its admission pursuant to Rule 701 was error." *See id.*

Further, in *Gart v. Logitech, Inc.*, 254 F.Supp.2d 1119 (C.D. Cal. 2003) the court held that witnesses who had personally participated in the development of a computer mouse could give lay opinion testimony regarding the nature of the mouse that they helped develop, but that they could not then compare that mouse to the patent at issue, because they lacked personal knowledge of the patent's development and they had not been qualified as experts. *See id.* at 1123. According to the court, "when the declarants compare the handpieces to the limitations of the '165 Patent, they provide testimony that does require specialized knowledge. This they are not permitted to do as lay witnesses." *Id.*

In the case at bar, no one in Plaintiff's employ had any hand in the development of either the Navision software or the Process 800 software, nor did anyone at Kelley Foods ever perform any programming modifications to either set of software. Further, no one at Kelley Foods tested Process 800 in a test environment designed to simulate a real-life production situation. *See* Declaration of Don Tyler, Exhibit 1. Therefore, any testimony by Plaintiff regarding how either the Navision software or the Process 800 software functions, or whether it functions properly, would necessarily be based on something other than first-hand, personal knowledge and would require that the witness study the software and compare it to the software's "user

documentation," using the witness's specialized knowledge of computer programming. All of such testimony and the foundation for it would require technical expertise and specialized knowledge regarding the "highly technical nature" of computer software. Accordingly, such testimony would be "expert testimony" rather than "lay testimony" within the ambit of Fed. R. Evid. 701 because it would require the witness to use "scientific, technical or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c).

Simply put, any plaintiff witness's testimony which goes beyond the purely factual, personal observations of the witness from his limited operation of the "end-user" portions of the Navision/Process 800 software would be based on "scientific, technical or other specialized knowledge" and therefore would be "opinion testimony under Rule of Evidence 702." *See Civix-DDI, LLC v. Cellco Partnership*, 387 F.Supp.2d 869, 885 (N.D. Ill. 2005).

Because this Court has previously ruled that Plaintiff may not introduce any expert testimony, they should be precluded from giving any opinions regarding how either the Navision or Process 800 software works, whether it works properly, whether it has any flaws or deficiencies, and whether it functions "as warranted." *Gart*, 254 F.Supp.2d at 1123; *Phillips*, 2006 WL 2023579 at hn.4; *see also K & D Distributors v. Aston Group (Michigan) Inc.*, 354 F.Supp.2d 761 (N.D. Ohio 2005) (holding that whether computer software seller updated customer's computer systems in a professional manner was a question that required scientific,

technical or specialized knowledge outside the jury's general knowledge and experience).

Respectfully submitted,

Spyridon, Palermo & Dornan, LLC
3838 N. Causeway Blvd. Suite 3010
Metairie, La. 70002

s/John M. Herke
JOHN M. HERKE (HERKJ9670)
Attorney for Defendant,
MYERS NISSI & COMPANY, INC.

And

GREGG L. SPYRIDON
PAUL D. PALERMO

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

s/John M. Herke
JOHN M. HERKE

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| KELLEY FOODS OF ALABAMA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:04 - cv-01246-MHT-DRB |
| ) | |
| MYERS NISSI & COMPANY, INC.; a ) | |
| corporation d/b/a VERTICALSOFT, ) | |
| ) | |
| Defendant. ) | |

DECLARATION OF DON TYLER

STATE OF LOUISIANA
PARISH OF ST. TAMMANY

I, DON TYLER, hereby declare as follows:

1. I am over the age of nineteen (19) years and I am competent in all respects to testify to the matters set forth below, of which I have personal knowledge.

2. I have a Master's degree in accounting from Tulane University. I have worked in the computer software industry in sales and software implementation since 1985. I am a certified Navision software specialist, and I was personally, "hands-on" involved, from the "ground up" in the development of Process 800 software, a Verticalsoft product.

3. I am currently the Senior Manager of VerticalSoft, a computer systems and software company. I have held that position since June 2001.

4. I was personally, "hands-on" involved in creating the modifications of Navision foundation software and Process 800 software sold to Kelley Foods of Alabama that are at issue in this case. I was also personally, "hands-on" involved in the implementation of both software programs at Kelley Foods of Alabama's Elba, Alabama manufacturing plant.

5. No one at Kelley Foods had any input into the development of either the Navision foundation software or the Process 800 meat-specific features that were developed for the Process 800 product. All of the programming for these software products was performed by VerticalSoft.

6. During all times material to this lawsuit, Kelley Foods did not have a license that allowed them access to either the Navision software programming code or the Process 800 programming code.

7. During all times material to this lawsuit, Kelley Foods never tested Process 800 in a test environment designed to simulate a real-life production situation.

8. During all times material to this lawsuit, Kelley Foods never ran Process 800 in a live environment for a sufficient period of time in which to allow formation of an informed opinion regarding whether Process 800 performs properly.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 28th day of August, 2006.

*/s/ Donald H. Tyler*
DON TYLER

H:\M0704001\Pleadings\Federal Court\Affidavit\Affidavit - Don Tyler.wpd